A01A1707. THE STATE v. JONES.
(560 SE2d 112)

RUFFIN, Judge.

Under the recidivist sentencing provisions in OCGA § 17-10-7, the trial court sentenced Carlton Jones to life in prison without possibility of parole. On motion for reconsideration, the trial court set aside the life sentence and resentenced Jones to less than a life sentence.[1] The State appeals, asserting that the trial court erred in resentencing Jones. Specifically, the State contends that the trial court lacked discretion to sentence Jones to anything but life in prison without possibility of parole. We agree.

The relevant facts show that on February 9, 2000, Jones invaded a home and sexually molested a minor child. Jones pled guilty to numerous felonies stemming from this incident, including burglary,

---

[1] Although it is not entirely clear from the trial court's order, it appears that the trial court sentenced Jones to forty years in confinement followed by five years on probation. Specifically, the trial court sentenced Jones to: (1) twenty years for burglary; (2) five years for terroristic threats; (3) twenty years for aggravated sexual battery; (4) twenty years for child molestation; (5) twenty years for robbery by intimidation; and (6) twenty years for kidnapping. These sentences were to be served consecutively to a five-year sentence for possession of a firearm and a sentence of fifteen years in confinement followed by five years on probation for aggravated sodomy.

terroristic threats, aggravated sexual battery, child molestation, aggravated sodomy, and possession of a firearm during the commission of a crime. Following a bench trial, the trial court also found Jones guilty of kidnapping and robbery by intimidation stemming from the same incident.

Shortly after Jones was indicted, the State filed two separate notices of its intent to seek recidivist punishment. In one notice, the State proceeded under OCGA § 17-10-7 (a), which provides that

> any person convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

In the other notice, the State proceeded under OCGA § 17-10-7 (c), which states that

> any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

It is undisputed that Jones had been convicted of at least three felonies prior to February 2000 and, thus, was subject to recidivist punishment. The issue presented to the trial court was whether the State could proceed under both subsections of OCGA § 17-10-7, which would result in a mandatory life sentence without possibility of parole.[2] Initially, the trial court concluded that OCGA § 17-10-7 (c)

---

[2] This is so because, under OCGA § 16-6-2 (b), the maximum punishment for aggravated sodomy is life in prison. OCGA § 17-10-7 (a) requires that the trial court sentence

required it to impose the maximum sentence — life in prison without the possibility of parole. The trial court subsequently reinterpreted OCGA § 17-10-7 and determined that it had discretion under subsection (c) to sentence Jones to something other than the maximum sentence. Accordingly, the trial court resentenced Jones to less than a life sentence. On appeal, the State argues that the trial court was required to proceed under subsections (a) and (c) of OCGA § 17-10-7. We agree.

The various subsections of OCGA § 17-10-7 must be read together.[3] And, if two of the subsections apply, a trial court must apply them both.[4] This is not to say, however, that a trial court completely lacks discretion in sentencing a recidivist. Under OCGA § 17-10-7 (a), a trial court retains authority to suspend or probate a portion of the sentence. And, under subsection (c), a felon must "serve the maximum time provided in the sentence of the judge."[5] Accordingly, it is conceivable that a felon would not be required to actually serve the maximum sentence if the trial court decided, in its discretion, to suspend or probate a portion of the sentence.[6] But where the maximum penalty is life in prison, a trial court lacks discretion to probate or suspend any part of the sentence.[7] It follows that when a three-time recidivist commits a fourth felony for which the maximum penalty is life in prison, the trial court lacks discretion to sentence such felon to anything other than a life sentence without possibility of parole.[8] Thus, the trial court erred in sentencing Jones,[9] and we vacate that court's sentence and remand for resentencing in accordance with this opinion.

*Sentence vacated and case remanded. Johnson, P. J., and Ellington, J., concur.*

---

Jones — a one-time recidivist — to the maximum sentence. OCGA § 17-10-7 (c) requires that Jones — a four-time recidivist — actually serve the maximum sentence without the possibility of parole.

[3] See *Wallace v. State*, 175 Ga. App. 685, 686 (5) (333 SE2d 874) (1985) (holding that the subsections of OCGA § 17-10-7 "must be read together").

[4] See id. at 686-687.

[5] OCGA § 17-10-7 (c).

[6] See *State v. Carter*, 175 Ga. App. 38, 40 (332 SE2d 349) (1985).

[7] See OCGA § 17-10-1 (a) (1); *Stone v. State*, 218 Ga. App. 350, 351 (1) (461 SE2d 548) (1995).

[8] See *Wallace*, supra.

[9] The case upon which the trial court evidently relied, *Mann v. State*, 273 Ga. 366 (541 SE2d 645) (2001), does not require a different result. *Mann* involved the interplay between the general recidivist provisions in OCGA § 17-10-7 and the specific recidivist provisions in OCGA § 16-13-30 (d), which pertain only to repeat drug offenders. None of the crimes for which Jones was convicted fell under OCGA § 16-13-30 (d).

DECIDED FEBRUARY 11, 2002.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellant.
*Peter D. Johnson*, for appellee.