## A02A1821. JOHNSON v. THE STATE.
(570 SE2d 344)

BLACKBURN, Chief Judge.

Patrick Johnson appeals his conviction by a jury of aggravated child molestation, aggravated sexual battery, and two counts of child molestation. He contends that his trial counsel's failure to put his Sunday work schedule records into evidence rendered his assistance ineffective. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that C. H., a nine-year-old girl, told her biological father, Belton, that Johnson, her stepfather, had put his finger and penis in her anus. On more than one occasion, when her mother was not at home, C. H. was told by Johnson to go upstairs to the bedroom, take her clothes off, and get in bed. After that, Johnson inserted his finger and penis into her anus causing her pain. Later, C. H. found a wet place on her leg, cleaned herself, and went back downstairs to watch television. The physician who examined the child found that her passive

and immodest behavior during the examination was consistent with molestation.

In investigation and preparation of the case, Johnson's trial counsel examined witnesses' statements and official reports, reviewed the victim's videotape with the defendant, and met with the defendant several times to discuss trial strategies, his right to testify or remain silent, plea negotiations, and jury selection. He also discussed the case with the defendant's wife.

" 'To establish a claim of ineffective assistance of counsel, [Johnson] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency.' " *Willingham v. State*,[1] citing *Strickland v. Washington*.[2] " '[T]here is a strong presumption that trial counsel's assistance was adequate and that counsel's decisions were made within the bounds of reasonable professional judgment.' " *Craft v. State*.[3] Moreover, "[a] trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." *Garrett v. State*.[4]

1. Johnson argues that trial counsel's representation was deficient because he failed to present testimony essential to show that Belton, the biological father, had a motive to contrive allegations of abuse against Johnson. At the hearing on his motion for new trial, Johnson presented the testimony of William Jenkins, an attorney formerly employed by his wife. Jenkins stated that there were problems between Belton and Johnson's wife concerning visitation and support of the victim, and that Belton was antagonistic toward Johnson's wife. The trial court held that Jenkins' testimony was cumulative, and we agree. See *Pilcher v. State*[5] (holding that defense counsel's failure to subpoena additional alibi witnesses was not ineffective assistance of counsel because it was merely cumulative of testimony of other witnesses introduced at trial).

Johnson relies upon *Lee v. State*[6] and *Humphrey v. State*[7] to argue that Jenkins' evidence was not cumulative. Those two cases are factually distinguishable. The issue on appeal in those cases was not ineffective assistance of counsel, but newly discovered evidence.

In *Green v. State*,[8] a sexual battery case, we held that the trial

---

[1] *Willingham v. State*, 241 Ga. App. 509 (2) (527 SE2d 232) (1999).

[2] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[3] *Craft v. State*, 254 Ga. App. 511, 520-521 (13) (563 SE2d 472) (2002).

[4] *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990).

[5] *Pilcher v. State*, 170 Ga. App. 869, 871 (4) (318 SE2d 640) (1984).

[6] *Lee v. State*, 146 Ga. App. 189, 193 (III) (245 SE2d 878) (1978).

[7] *Humphrey v. State*, 207 Ga. App. 472, 474 (1) (428 SE2d 362) (1993).

[8] *Green v. State*, 218 Ga. App. 648, 650 (2) (463 SE2d 133) (1995).

court did not err in excluding the testimony of a witness about the victim's relationship with her fiancé since the evidence was cumulative of testimony by the victim, fiancé, and defendant. Trial counsel's failure to present cumulative evidence was trial strategy and does not constitute ineffective assistance.

Johnson's reliance on *Banks v. State*[9] is misplaced. In *Banks*, the testimony of a passing motorist provided the only corroboration of the defendant's statement to police. Here, however, Johnson was not the only witness that testified about the nature of the relationship between the victim's father and Johnson and his wife. Defense counsel's direct examination of Johnson's wife was corroborative, showing a history of litigation over support and visitation. On cross-examination, Belton testified that there had been problems between him and the mother, and that there had been litigation involving the victim. Jenkins' testimony was not distinctively different from that of the other witnesses and parties. Therefore, Jenkins' testimony was cumulative and not of a higher grade or quality than evidence that was produced at trial. See *Lee*, supra. Moreover, "a trial court is authorized to find the decision not to call certain individuals as witnesses a reasonable defense strategy." *Webb v. State.*[10] Johnson has failed to meet his burden in proving this aspect of his claim of ineffective assistance of counsel.

2. Johnson further asserts that trial counsel was ineffective because of his failure to introduce his work records at trial. He contends that the records showed that he was working during the time the alleged abuse occurred. The child was asked, at trial, where her mother was when the abuse occurred, and she replied, "I think she was at church." During the hearing on the motion for new trial, Johnson produced time sheets from his workplace to show he had been at work from 10:00 a.m. each Sunday to 9:00 a.m. Monday during the months when the abuse was alleged to have occurred. He testified that his attorney was aware of his Sunday work schedule. Viewing the evidence in a light most favorable to support the verdict, the record shows that Johnson's wife testified that Johnson had been alone with the children at least a few times while she was at church or at the store. Further, she stated that she did not attend church every Sunday and that, occasionally, on Saturdays, she left the children alone with Johnson.

Trial counsel testified that he knew of Johnson's job, but had not inquired about the exact hours, relying on the statements of Johnson and his wife that on at least a few occasions, Johnson had been alone

[9] *Banks v. State*, 235 Ga. 121 (218 SE2d 851) (1975).
[10] *Webb v. State*, 249 Ga. App. 214, 216-217 (2) (547 SE2d 767) (2001).

with the children. Some of these occasions were on a Sunday. Moreover, on the videotape, the victim stated that the abuse occurred either when her mother was at church or at the store.

We have held that trial counsel did not render ineffective assistance by failing to present an alibi witness where the witness' testimony would not have provided an airtight alibi. See *Jackson v. State*;[11] *Johnson v. State*.[12] Here, the work records would not have constituted an "airtight" alibi. The videotape of the victim and the admissions of Johnson and his wife establish that there was an opportunity, on at least a few occasions, for the offenses to have occurred as charged. Accordingly, Johnson has not carried his burden of showing that the result of the trial would have been different had trial counsel introduced the time sheet documents, or that the assistance of counsel was ineffective.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED AUGUST 9, 2002 — 

*August F. Siemon III*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.

---

[11] *Jackson v. State*, 209 Ga. App. 217, 221 (7) (433 SE2d 655) (1993).
[12] *Johnson v. State*, 255 Ga. App. 721, 725 (4) (566 SE2d 440) (2002).