## A03A1783. McCORKLE v. THE STATE.
(593 SE2d 738)

ANDREWS, Presiding Judge.

Julian McCorkle appeals from the trial court's denial of his motion for new trial, contending that he was improperly sentenced as a recidivist to life without parole. McCorkle was convicted of one count of armed robbery, four counts of aggravated assault, and one count of burglary as the result of breaking into the home of Rogers and, along with an unknown companion, taking money, jewelry, and a cell phone from Rusley, a guest of Rogers. He was also convicted, in

a bifurcated trial, of possession of a firearm by a convicted felon and possession of a firearm during the commission of a felony.[1]

During the sentencing hearing, the State introduced evidence that McCorkle had previously been convicted of two felonies in Mississippi, burglary and possession of cocaine. The State also relied on a prior 1997 felony conviction in Georgia for carrying a concealed weapon for recidivist sentencing purposes.

McCorkle concedes that, pursuant to OCGA § 16-8-41 (b), he was properly sentenced to life imprisonment, but disputes the trial court's conclusion that the sentence was required to be without parole pursuant to OCGA § 17-10-7. McCorkle argues that, instead, the trial court should have exercised discretion during sentencing and considered probating or suspending a portion of the life sentence under OCGA § 17-10-7 (a).

OCGA § 16-8-41 (d) provides that, "[a]ny person convicted under this Code section shall, in addition, be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7."

OCGA § 17-10-7 provides, in subsection (a), that,

> any person convicted of a felony offense in this state or having been convicted under the laws of any other state . . . of a crime which if committed within this state would be a felony . . . , who shall afterwards commit a felony punishable by confinement in a penal institution, *shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he . . . stands convicted*, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

(Emphasis supplied.)

As reflected by the trial court's statements during the sentencing hearing, it was based upon this subsection that the trial court concluded that he was required to impose a life sentence upon McCorkle. The trial court also noted that it would be "very difficult to probate a life sentence, and it would be extremely inappropriate to suspend a life sentence." As recently reiterated,

> where the maximum penalty is life in prison, a trial court lacks discretion to probate or suspend any part of the sentence. It follows that when a three-time recidivist commits a fourth felony for which the maximum penalty is life in

---

[1] Although not contested here, we have examined the evidence and find it legally sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

prison, the trial court lacks discretion to sentence such felon to anything other than a life sentence without possibility of parole.

(Footnotes omitted.) *State v. Jones*, 253 Ga. App. 630, 632 (560 SE2d 112) (2002). See also *Johnson v. State*, 259 Ga. App. 452, 456 (3) (b) (576 SE2d 911) (2003).[2]

The trial court then sentenced McCorkle under OCGA § 17-10-7 (c) which provides that a defendant must "upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and *shall not be eligible for parole until the maximum sentence has been served*." (Emphasis supplied.)

Based upon this subsection, the trial court correctly concluded that the life sentence was mandated to be without parole. *State v. Jones*, supra; *Cook v. State*, 255 Ga. App. 405, 406 (565 SE2d 487) (2002); *Moore v. State*, 251 Ga. App. 295, 296 (1) (554 SE2d 204) (2001); *Howard v. State*, 233 Ga. App. 724, 725 (1) (505 SE2d 768) (1998).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED JANUARY 26, 2004.

*Harrison & Harrison, Samuel H. Harrison*, for appellant.
*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.

A03A2080. BAGGS v. THE STATE.
A03A2081. LOPEZ v. THE STATE.
A03A2082. MONDRAGON v. THE STATE.
(593 SE2d 734)

MILLER, Judge.

David Baggs, Javier Lopez, and Joel Mondragon were each convicted on one count of trafficking in methamphetamine. In Case Nos. A03A2080 and A03A2081, Baggs and Lopez challenge the sufficiency of the evidence with respect to their individual convictions. In Case No. A03A2082, Mondragon raises eight enumerations of error, all of which are without merit. We affirm in all three cases.

---

[2] The cases relied upon by McCorkle, *Bradshaw v State*, 237 Ga. App. 627, 629 (2) (516 SE2d 333) (1999), and *State v. Carter*, 175 Ga. App. 38 (332 SE2d 349) (1985), were not situations involving a mandatory life sentence and are inapposite.