A04A0860, A04A0861. WEBB v. THE STATE; and vice versa.
(608 SE2d 241)

SMITH, Chief Judge.

Marcus Webb was indicted on three counts of child molestation. The State successfully moved the court to enter a judgment of nolle prosequi with respect to one count, and the jury acquitted Webb of one count. As for the remaining count, the jury's verdict form indicates that it found him guilty of both child molestation and sexual battery. The trial court sentenced Webb on the child molestation conviction to 30 years, with the first 15 years in confinement and the remainder on probation. In Case No. A04A0860, Webb appeals from the denial of his motion for new trial, arguing that the evidence was insufficient to convict him and alternatively that he should have been sentenced on the lesser included offense of sexual battery. Because the evidence presented at trial authorized the jury to convict Webb, and because the trial court was authorized to merge the lesser conviction into the greater conviction, we find no merit in Webb's arguments. We therefore affirm the judgment of conviction in Case No. A04A0860. In Case No. A04A0861, the State argues that the trial court erred in failing to sentence Webb to life without parole. Because the State failed to provide proper notice of its intent to seek imprisonment for life without parole, we disagree with the State's contentions. But because the trial court improperly imposed a period of probation as part of Webb's sentence, we vacate the sentence in Case No. A04A0861 and remand this case to the trial court for resentencing in accordance with our opinion.

## Case No. A04A0860

1. Webb contends that the evidence was insufficient to support a conviction for either child molestation or sexual battery. Construing the evidence in support of the verdict, the victim testified that Webb, her cousin, began "touching my backside" when they were in her family's kitchen. She stated that "[h]e was moving his hand around." He did this twice in the kitchen and again in the bathroom. She was nine years old at the time of the incidents. Webb testified and denied any wrongdoing.

The State also presented similar transaction evidence showing that Webb had pled guilty to one count of child molestation in September 1993. The police officer who investigated that incident testified that the victim was a nine-year-old girl and that Webb had admitted that he touched the victim with his foot on her buttocks and thighs. This occurred on two occasions inside that victim's home.

Webb argues that the victim's testimony "was too inconsistent to be credible." But it was for the jury, not this court, to determine witness credibility. *Dorsey v. State*, 265 Ga. App. 404, 405 (1) (593 SE2d 945) (2004). If some competent evidence supports the jury's verdict, it will be upheld. Id. Given the victim's testimony, in addition to the similar transaction evidence, the evidence was sufficient to support convictions for either child molestation or sexual battery under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Webb argues that the verdicts of child molestation and sexual battery "were mutually exclusive and should not have been received by the trial court" and that under the principle of "lenity," he should have been sentenced only on the lesser offense of sexual battery.

We first note that Webb did not object to the form of the verdict and therefore has waived any objection on the ground that the verdict "was inconsistent, confusing, or otherwise irregular. [Cits.]" *Ellison v. State*, 265 Ga. App. 446, 448-449 (3) (594 SE2d 675) (2004). But even had he objected, if a jury finds a defendant guilty of more than one offense arising out of "the same conduct, the court does not err in . . . sentencing the defendant for the greater offense after merging the lesser offenses into it." *Leslie v. State*, 211 Ga. App. 871, 872 (440 SE2d 757) (1994). See also *Ellison*, supra at 449. A person is guilty of sexual battery if he or she "intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). The term "intimate parts" includes the "buttocks of a male or female." OCGA § 16-6-22.1 (a). A defendant convicted of sexual battery on a person under the age of 16 is guilty of a felony. OCGA § 16-6-22.1 (d).

A person commits the offense of child molestation if "he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). As discussed above, the evidence was sufficient to convict Webb of either crime. The trial court consequently was authorized to merge the lesser offense of sexual battery into the greater offense of child molestation.

Webb contends that he should have been sentenced on the lesser offense under the principle of "lenity." This principle, discussed in *Dixon v. State*, 278 Ga. 4 (596 SE2d 147) (2004), applies when two statutes governing the same conduct are conflicting "with respect to their prescribed punishments." Id. at 7 (1) (d). In such a situation, a defendant "is entitled to have the lesser of two penalties administered." (Citations, punctuation and footnote omitted.) Id.

In *Dixon*, the defendant was convicted of misdemeanor statutory rape and aggravated child molestation, a felony. Id. at 4. He was sentenced on the latter charge. On appeal, after considering the relationship between the child molestation statute, OCGA § 16-6-4, and the misdemeanor statutory rape statute, OCGA § 16-6-3 (b), the Georgia Supreme Court concluded that the defendant should have been sentenced on the lesser offense. Among a number of other reasons, the Court concluded that the defendant should have been sentenced on the lesser charge under "the rule of lenity," *Dixon*, supra at 7 (d), stating that this rule "is particularly applicable where the two crimes at issue involve different grades of punishment, i.e., a misdemeanor and a felony." (Citations and footnote omitted.) Id. The Court also stated that enactment of the misdemeanor statutory rape statute "spoke very directly towards specific conduct involving actors within a very narrow age range," id. at 6 (1) (b), and that "it would undermine the intent of that statute if the exact same conduct could also be punished as felony child molestation." Id. at 6-7.

*Dixon* is not controlling in this case. Unlike the convictions in *Dixon*, the crimes for which Webb was convicted were both felonies. Differing "grades" of punishment therefore were not involved. This is not a case in which the same conduct could have been punished as either a misdemeanor or a felony. No uncertainty exists concerning the applicable penal statute to be used in sentencing Webb, and the trial court did not err in merging the sexual battery conviction into the child molestation conviction for sentencing purposes.

### Case No. A04A0861

3. The State argues that the trial court was required to sentence Webb to life imprisonment without the chance of parole under OCGA

§§ 16-6-4 (b), 17-10-7 (a), and 17-10-7 (c). Webb was previously convicted of child molestation, and this conviction was admitted into evidence. The State also introduced copies of two other felony convictions, one for possession of drugs by an inmate and one for entering an auto.

Webb concedes that the State "provide[d] proper and complete notice . . . of its intention to seek recidivist treatment on October 5, 2001, well in advance of trial" and states that he "was aware that whatever confinement sentence he might receive from the trial court would be served in its entirety without parole, pursuant to OCGA § 17-10-7 (c)." He argues, however, that the notice of intent to seek recidivist treatment "was not accompanied by notice of intent to seek a life sentence without parole, as required by the child molestation statute, OCGA § 16-6-4 (b)." That statute provides in relevant part:

> Upon a second or subsequent conviction of an offense of child molestation, the defendant shall be punished by imprisonment for not less than ten years nor more than 30 years or by imprisonment for life; *provided, however, that prior to trial, a defendant shall be given notice, in writing, that the state intends to seek a punishment of life imprisonment.*

(Emphasis supplied.)

The State's notice of intent to seek life imprisonment was provided to Webb on April 17, 2002, one day before testimony began. Some time later on that same day, the prosecuting attorney sent defense counsel a letter via facsimile offering to withhold tender of Webb's previous convictions if Webb would enter a guilty plea. Webb obviously rejected this offer and chose to exercise his right to a jury trial. Before testimony began on April 18, the State informed the court that if Webb were convicted of child molestation, the court would be required to sentence him to life imprisonment without parole. As discussed above, Webb was convicted of child molestation and sexual battery, and the trial court correctly merged the lesser offense into the greater offense for sentencing purposes.

During the sentencing hearing, the court focused on the timing of the State's notice of intent to seek life imprisonment, noting that the State served this notice on Webb only after a jury had been selected. The court further noted that the State similarly waited until after jury selection to offer to withdraw the former convictions, finding that "the letter clearly indicates that Mr. Webb needs to withdraw his desire to go to a jury trial or face a life sentence." The court concluded that sentencing Webb to life imprisonment would be improper, given the State's actions, stating that "sentencing prerogatives" would be placed

in the State's power when it decided whether it was going to choose to advance a life sentence without parole or not by serving notice. I don't believe the State can do what the Court itself cannot do. That is punish a man for going to jury trial. But by your letter, after the selection of the jury, it appears clear that that is what he is being punished for on his desire to go to jury trial, and the Court further notes by the jury returning a not guilty verdict on one of the counts that his seeking to go to jury trial was not itself frivolous.

The court then "set aside . . . the State's notice of seeking a life sentence as being improper use of the State's discretion" and sentenced Webb to 30 years, with the first 15 years to be served in prison and the remainder on probation.

A trial court cannot impose an excessive sentence simply because a defendant has chosen to exercise his or her constitutional right to a jury trial. Uniform Superior Court Rule 33.6 (B); *Johnson v. State*, 224 Ga. App. 568, 570 (2) (481 SE2d 268) (1997). And of course, the State cannot accomplish what the trial court itself cannot accomplish. Here, given the timing of its notice of intent to seek a sentence of life imprisonment and its letter to Webb's counsel, it appears that the State may have attempted to circumscribe the sentencing ability of the court. Recognizing this, the court properly exercised its discretion to set aside the State's untimely — and unfair — notice. Because the record effectively contains no notice of intent to seek life imprisonment, a sentence of life imprisonment was not authorized under OCGA § 16-6-4 (b).

*State v. Jones*, 253 Ga. App. 630 (560 SE2d 112) (2002), relied on by the State, does not require us to reach a different result. In *Jones*, we stated that "when a three-time recidivist commits a fourth felony for which the maximum penalty is life in prison, the trial court lacks discretion to sentence such felon to anything other than a life sentence without possibility of parole." (Citation and footnote omitted.) Id. at 632. But in *Jones*, the defendant was convicted of aggravated sodomy, among other things. OCGA § 16-6-2 (b) provides that a person convicted of this offense "shall be punished by imprisonment for life or by imprisonment for not less than ten nor more than 30 years." That statute, however, differs from OCGA § 16-6-4 (b), in that OCGA § 16-6-2 (b) does not require the State to serve notice of intent to seek life imprisonment, and the maximum punishment for conviction of the offense of aggravated sodomy, without limitation, is life imprisonment. In contrast, the maximum punishment for conviction of a second offense of child molestation is limited; the State can seek life imprisonment only upon serving a notice of intent to seek this

punishment. Here, the State failed in this regard, and the maximum penalty *in this case*, under OCGA § 16-6-4 (b), was not life imprisonment but 30 years.

Our conclusion that life imprisonment was not authorized does not end our inquiry, however. As discussed above, the trial court probated a portion of Webb's sentence. This was Webb's second child molestation conviction, and OCGA § 16-6-4 (b) expressly provides that "imposition of sentence for a conviction of a second or subsequent offense of child molestation, including a plea of nolo contendere, *shall not be suspended, probated, deferred, or withheld.*" (Emphasis supplied.) Id. Probation was unauthorized. We therefore vacate the sentence in this case and remand for resentencing in accordance with our opinion.

*Judgment of conviction affirmed in Case No. A04A0860. Sentence vacated and case remanded in Case No. A04A0861. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 16, 2004 —
RECONSIDERATION DENIED DECEMBER 9, 2004 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*John T. Strauss*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Jeffrey L. Foster, Assistant District Attorney*, for appellee.