## A06A1242. BHARADIA v. THE STATE.
(639 SE2d 545)

JOHNSON, Presiding Judge.

Samdeep Bharadia and Sterling Flint were indicted together for burglary of an apartment and theft by receiving the property stolen from that apartment. Bharadia was also indicted for aggravated sodomy — placing his mouth on the vagina of the victim, and aggravated sexual battery — inserting a cotton swab into the victim's vagina. Bharadia pled not guilty to the charges and proceeded to a jury trial, while Flint negotiated a guilty plea agreement with the state and testified against Bharadia.

At trial, the victim testified that on Sunday, November 18, 2001, she returned from church to her apartment in the town of Thunderbolt. As she walked in the door, a man she did not know was standing inside the apartment. The man forced the victim to take off all her clothes, put a blindfold on her, tied her to a chair, moved her to a bed where he bound her wrists to the bedposts and her ankles to the footboard, threatened to kill her with a knife, placed his mouth on her vagina, inserted his fingers and a Q-tip cotton swab into her vagina, and masturbated until he ejaculated on her stomach.

During the assault, the man told the victim that he had a partner outside, and at some point the victim thought she heard the man talking to someone in her living room. After the assault, the man left the victim's apartment, taking her computer, suitcase, camera, jewelry and compact discs with him.

The victim subsequently contacted her parents, who in turn contacted the police. Several days later, Savannah police found the items stolen from the victim's apartment, along with the knife and gloves used by the attacker, in a house. The owner of the house was Flint's girlfriend and she told police that Flint had brought the items to the house. Flint was subsequently arrested, and he told the police that he had received all of the items from Bharadia.

Police showed the victim a photographic lineup including a picture of Flint, but she could not positively identify Flint as her attacker. Police later showed the victim another photographic lineup including a picture of Bharadia, and she identified him as the man who had assaulted her. She testified at trial that she has no doubt Bharadia is the man who attacked her.

At the close of the state's evidence, the trial judge directed a verdict of acquittal as to the charge of theft by receiving stolen property. Bharadia then presented an alibi defense, claiming he was in Atlanta at the time of the crimes in Thunderbolt.

The jury found Bharadia guilty of the remaining charges of burglary, aggravated sodomy and aggravated sexual battery. The trial court sentenced Bharadia to serve life in prison without the possibility of parole for the aggravated sodomy offense. The court further imposed concurrent 20-year sentences for the burglary and aggravated sexual battery offenses. Bharadia appeals.

1. Bharadia argues that the trial court erred in allowing the state to introduce certified copies of his prior convictions. As Bharadia concedes in his appellate brief, he did not raise this argument, or any other objection to the evidence, at trial. It is well established that a party must object to an alleged error when it occurs, and the failure to do so results in a waiver of the right to urge such error on appeal.[1] Because Bharadia failed to object to the admission of this evidence on the ground now asserted, he has waived his right to claim error.

2. Bharadia complains that the trial court erred in charging the jury on impeachment of a witness by proof of a conviction for a crime involving moral turpitude because it failed to limit the instruction to the testimony of Flint. However, the record reveals that the charge given was requested by Bharadia. "[C]onsequently, he cannot now assert the charge was erroneous as it is well-established that induced error is impermissible."[2]

3. Bharadia claims the state improperly commented during closing argument that the trial court's entry of a directed verdict on the charge of theft by receiving stolen property indicates that the

[1] *Boone v. State*, 250 Ga. App. 133, 136 (3) (549 SE2d 713) (2001).

[2] (Citations omitted.) *Wynn v. State*, 262 Ga. 839, 840 (2) (426 SE2d 157) (1993).

court had found that Bharadia had in fact entered the apartment and committed the other crimes charged. The claim is wholly without merit as a review of the state's closing argument reveals that it never made such a comment. Moreover, as Bharadia notes in his brief, he did not raise this objection to the state's closing argument at trial. By failing to object to the closing argument at the time it was actually made, Bharadia has waived any objection that might have been raised.[3]

4. Bharadia correctly asserts that the trial court erred in charging the jury that one of the factors to be considered in assessing the reliability of identification testimony is the level of certainty shown by the witness about her identification. In *Brodes v. State*,[4] our Supreme Court held that it is error to give this charge. In that case, the erroneous charge was held to be harmful because the only evidence connecting the accused to the crime was the identification testimony of the two victims.[5]

In the instant case, however, there is evidence other than the victim's identification of Bharadia which connects him to the crimes charged. The victim testified that the gloves and knife found with her stolen property were the same ones used by her assailant. And Flint testified that he had received all of the victim's stolen property, as well as the gloves and knife, from Bharadia. Because there is evidence other than eyewitness testimony that pointed to Bharadia as the perpetrator of the crimes charged, the trial court's error in giving the "level of certainty" portion of the identity charge was harmless.[6]

5. Bharadia contends that the trial court erred in sentencing him to life without parole for the aggravated sodomy offense. The contention is without merit.

The instant case is similar to and controlled by this court's decision in *State v. Jones*,[7] interpreting the recidivist sentencing provisions of OCGA § 17-10-7. In that case, the defendant was convicted of various offenses, including aggravated sodomy, for which the maximum penalty under OCGA § 16-6-2 (b) is life in prison.[8] Because it was undisputed that the defendant had at least three prior felonies, this court held that OCGA § 17-10-7 (c), which provides that anyone convicted of three felonies must serve the maximum sentence without possibility of parole for any subsequent felonies, mandates

---

[3] See *Spikes v. State*, 247 Ga. App. 874, 876 (5) (545 SE2d 410) (2001).

[4] 279 Ga. 435, 442 (614 SE2d 766) (2005).

[5] Id.

[6] See *Dasher v. State*, 281 Ga. App. 326, 329 (2) (636 SE2d 83) (2006); *Joyner v. State*, 278 Ga. App. 60, 63 (3) (628 SE2d 186) (2006).

[7] 253 Ga. App. 630 (560 SE2d 112) (2002).

[8] Id. at 631, n. 2.

that the defendant serve life without parole for the aggravated sodomy conviction.[9] "It follows that when a three-time recidivist commits a fourth felony for which the maximum penalty is life in prison, the trial court lacks discretion to sentence such felon to anything other than a life sentence without possibility of parole."[10]

In the instant case, it is likewise undisputed that Bharadia has at least three prior felony convictions. At sentencing the state introduced certified copies showing his prior felony convictions, including theft by receiving stolen property, possession of a motor vehicle with a removed or altered identification, operating a chop shop, and entering an automobile. Because Bharadia is a three-time recidivist and because the maximum sentence for aggravated sodomy is life in prison, the trial court correctly sentenced him to serve life without the possibility of parole.[11]

6. Bharadia argues that the trial court erred in finding that he received effective assistance of counsel. We find no basis for reversing the trial court.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct.[12]

Moreover, in the absence of clear error, this court will affirm a trial court's determination that a defendant has not been denied effective assistance of counsel.[13]

(a) Bharadia claims that his trial counsel was ineffective in failing to obtain an expert witness to test and testify about DNA evidence and in failing to obtain an expert witness to testify about eyewitness identification. The decision on whether to call an expert witness is one of trial strategy, and we will not find ineffectiveness if counsel's strategy and tactics were reasonable at the time.[14]

---

[9] Id. at 631-632.

[10] (Footnote omitted.) Id. at 632.

[11] See *McKeehan v. State*, 274 Ga. App. 14, 18-19 (5) (616 SE2d 489) (2005); *McCorkle v. State*, 265 Ga. App. 280, 282 (593 SE2d 738) (2004).

[12] (Citations omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003).

[13] *Weeks v. State*, 270 Ga. App. 889, 894 (3) (608 SE2d 259) (2004).

[14] Id. at 894 (3) (a).

At the motion for new trial hearing, Bharadia's trial counsel testified that he did not get a DNA expert because he thought fingerprint powder used by the police on a soda can found in the victim's apartment had made such a mess that no DNA evidence could be recovered, and a cap found by police appeared to have only animal hair in it. Bharadia and his appellate attorney did not elicit any further testimony from trial counsel explaining his decision not to hire a DNA expert. Trial counsel's explanation that he believed an expert was unnecessary because the DNA evidence had been compromised is sufficient to support the trial court's finding that Bharadia failed to show ineffective assistance of counsel.[15]

As for an expert on eyewitness testimony, trial counsel testified only that he had considered hiring one and had discussed the matter with another attorney, but he never sought funds to hire an expert. Bharadia and his appellate attorney, however, did not elicit any testimony from trial counsel explaining his rationale for his decision against hiring an expert witness. "[A]bsent testimony explaining the trial attorney's rationale, we generally presume such decisions to be strategic."[16]

(b) Bharadia contends his trial counsel was ineffective because he put Bharadia's character in issue by introducing evidence that he was on parole and by failing to object to the state's evidence of his prior convictions. Counsel testified that since Bharadia was on parole, he had to get permission to travel, and evidence of his parole travel permit showed that he did not leave Atlanta until the day after the crimes had occurred. As for Bharadia's criminal record, counsel testified that he wanted the jury to understand that Bharadia does not break into houses; rather, his prior crimes all involved cars. "Trial counsel's decisions with regard to the choice of defenses and theories to be advanced at trial, even if unwise, are deemed matters of tactic and strategy; as a matter of law, strategic decisions do not amount to ineffective assistance of counsel."[17]

(c) Bharadia argues that his trial counsel was ineffective in that he did not object to the trial court's failure to limit its jury charge on impeachment by a crime of moral turpitude to Flint. As discussed above in Division 2, any such objection would have been unavailing

---

[15] See *Tadic v. State*, 281 Ga. App. 58, 60 (3) (635 SE2d 356) (2006) (no ineffective assistance where counsel did not employ expert witness because in his opinion such evidence was inapplicable to case); *Pippins v. State*, 263 Ga. App. 453, 458 (4) (a) (588 SE2d 278) (2003) (decision not to call expert within the realm of trial tactics and strategy and provides no basis for a claim of ineffective assistance of counsel).

[16] (Footnote omitted.) *Thomas v. State*, 273 Ga. App. 357, 362 (4) (b) (615 SE2d 196) (2005).

[17] (Punctuation and footnote omitted.) *Mobley v. State*, 277 Ga. App. 267, 274 (3) (b) (626 SE2d 248) (2006).

since Bharadia and his counsel in fact requested the charge as given. "[F]ailure to make a meritless objection does not constitute ineffective assistance of counsel."[18]

Moreover, even if we assume for the sake of argument that trial counsel was somehow deficient in failing to ask the court to limit the otherwise appropriate jury instruction, Bharadia has failed to make any showing that, but for such deficiency, there is a reasonable likelihood that the outcome of the trial would have been different.[19]

(d) Bharadia claims his trial counsel was ineffective in failing to object to the state's allegedly improper closing argument that the trial court's directed verdict as to theft by receiving indicates that the court had found that Bharadia had committed the other crimes charged. As discussed above in Division 3, the state never made such an argument. Accordingly, any objection on that ground would have been wholly without merit, and the failure to make a meritless objection does not amount to ineffective assistance of counsel.[20]

(e) Bharadia argues his trial counsel was ineffective in failing to impeach Flint with certified copies of his prior convictions. The trial transcript reveals that Flint testified on direct examination that at the time of trial he was incarcerated for the crime of theft by receiving the property stolen in this case. And while Bharadia's trial counsel did not introduce certified copies of Flint's prior convictions, he did question Flint about his prior criminal record. At the motion for new trial hearing, counsel testified that he did not introduce the certified copies of Flint's record because he thought Flint's testimony was so unbelievable that the jury simply disregarded it.

Since the jury was made aware of Flint's current incarceration for theft by receiving and of his prior criminal record, the certified copies would have been, to some extent, cumulative of this other evidence. While introduction of the certified copies certainly would have been the better practice, given the cumulative nature of the evidence, and counsel's explanation that he did not introduce it because he believed the jury had simply disregarded Flint's testimony as unbelievable, the trial court's finding that Bharadia was not denied effective assistance of counsel is not clearly erroneous.[21]

(f) Bharadia claims that his trial counsel was ineffective because he was unaware that the trial judge believed he was required to impose a sentence of life without parole for the aggravated sodomy offense. The record does not support this claim.

---

[18] (Footnote omitted.) Id. at 273 (3) (a).

[19] See *Williams v. State*, 273 Ga. App. 321, 322-323 (615 SE2d 160) (2005).

[20] *Mobley*, supra.

[21] See *Johnson v. State*, 257 Ga. App. 30, 31-32 (1) (570 SE2d 344) (2002) (no ineffective assistance where counsel failed to introduce cumulative testimony).

At the outset of the trial, the judge and counsel for both sides discussed the sentences Bharadia was facing. The trial judge stated that under OCGA § 17-10-7 (c), Bharadia was facing a maximum sentence of life without parole for the aggravated sodomy charge. Bharadia's trial counsel argued that the trial court might have discretion to impose a lesser sentence. But the judge ultimately rejected that argument and ruled that Bharadia faced a mandatory maximum sentence of life without parole. Bharadia's trial counsel and Bharadia both expressly acknowledged to the court that they understood Bharadia was facing a maximum sentence of life without parole on the aggravated sodomy charge.

Because counsel and Bharadia both clearly understood that the trial judge had determined life without parole to be the maximum sentence, Bharadia's argument to the contrary is without merit and does not support his claim of ineffective assistance of counsel.[22]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 27, 2006 —

*Steven L. Sparger*, for appellant.
*Spencer Lawton, Jr., District Attorney, Nancy Grey R. Brimberry, Assistant District Attorney*, for appellee.

---

[22] See *Person v. State*, 257 Ga. App. 464, 467 (4) (571 SE2d 472) (2002) (counsel's performance not deficient where transcript shows defendant informed he faced maximum sentence of life in prison).