A07A0896. CROSS v. THE STATE.
(646 SE2d 723)

ANDREWS, Presiding Judge.

Tracey Cross appeals from his conviction for aggravated assault, arguing that his trial counsel was ineffective. We find no error and affirm.

So viewed, the evidence shows that Cross's wife, his infant child, and the victim were among the guests at a 2001 Super Bowl party at the house the victim shared with a friend when Cross entered the house and began yelling at his wife. The victim escorted Cross out of the house into the carport, locked the kitchen door, and went back to watching the game. Cross then began kicking in the door. The victim was returning to that door when Cross broke it down and attacked the

---

victim, cutting him repeatedly with a knife. The victim again forced Cross out of the house and into the carport, landing on top of Cross as he fell face down onto the brick floor, and beating him until he lost consciousness. The victim then retrieved the knife and threw it into the kitchen sink.

Two friends were wrapping the victim's wounds by the sink when Cross entered the house for a third time. The victim, who was still bleeding, told Cross's wife and child to run into a bedroom with him, which they did. When Cross tried to kick down the bedroom's locked door as well, the victim put his back against it to keep him out. Cross's father soon arrived, however, and the two men continued kicking the door, yelling that they were going to kill the victim, until its frame dislodged from the wall. As Cross and his father continued to thrust knives around the door frame, Cross's wife tried to calm them, but was grazed with a knife. Police soon arrived and placed Cross in handcuffs.

After a jury found Cross guilty of aggravated assault, he was convicted and sentenced to twenty years with ten to serve. His motion for new trial was denied.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Although Cross does not contest the sufficiency of the evidence against him, we have reviewed the record and find that the evidence was indeed sufficient to sustain his conviction. See OCGA § 16-5-21 (a); *Jackson*, supra.

2. Cross contends that trial counsel was ineffective when he (a) failed to investigate the victim's reputation for violence and to introduce evidence of his prior violent acts; (b) failed to investigate Cross's medical records; (c) failed to investigate a State's witness's convictions for crimes of moral turpitude and to request an impeachment charge concerning that witness; (d) advised Cross not to testify; and (e) failed to present evidence or argument at Cross's sentencing.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility

determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

Here, one defense witness testified that an eyewitness to the attack told him that the victim "had hit [Cross] with a piece of firewood," though the eyewitness denied making this statement.

(a) The victim's prior violent acts would have been admissible only if there were evidence to support a defense of justification (of which self-defense is one variety). See *Johnson v. State*, 266 Ga. 380, 382-383 (2) (467 SE2d 542) (1996); OCGA §§ 16-3-20 (1) (identifying self-defense as one form of justification); 16-3-21 (a) (defining self-defense). Cross had "[t]he burden of proving that the evidence of specific acts of violence by the victim should be admitted," Uniform Superior Court Rule 31.6 (B), but the eyewitness's testimony did not establish that the event occurred before Cross's attack. The trial court's ruling that there was no evidence to support a defense of justification was not clearly erroneous. It follows that counsel was not ineffective when he failed to discover irrelevant evidence. See *Smart v. State*, 277 Ga. 111, 113 (5) (587 SE2d 6) (2003).

(b) Photographs of Cross's injuries were admitted into evidence. Any further evidence concerning them, including evidence suggesting that they were caused by a blunt object, would have been either cumulative or irrelevant. Trial counsel was therefore not ineffective when he failed to obtain such evidence. See *Bharadia v. State*, 282 Ga. App. 556, 561 (6) (e) (639 SE2d 545) (2006); *Johnson v. State*, 257 Ga. App. 30, 31-32 (1) (570 SE2d 344) (2002).

(c) At trial, counsel concluded his cross-examination of the eyewitness to the attack by asking whether he was on probation. The eyewitness confirmed that he was, and responded to a follow-up question by stating that he was on probation for possession of a firearm and possession of methamphetamine with intent to distribute. At the hearing on Cross's motion for new trial, counsel testified that although he did not check the eyewitness's criminal history, he "knew a good bit about" that history. Given the cumulative nature of any additional evidence of the eyewitness's criminal history, the trial court's finding that Cross was not denied effective assistance of counsel was not clearly erroneous. See *Bharadia*, supra (where witness testified that he was incarcerated for theft, counsel's failure to introduce certified copies of convictions did not amount to ineffective assistance).

(d) At the hearing on Cross's motion for new trial, counsel testified that he advised Cross not to testify "because of [the particular prosecutor's] ample cross-examination skills." We refuse to second

guess either the merit of this advice or Cross's tactical decision to accept it. See *Lowery v. State*, 260 Ga. App. 260, 262-263 (3) (581 SE2d 593) (2003).

(e) At the sentencing hearing immediately following the verdict, counsel argued that the injuries suffered by Cross were far worse than those suffered by the victim. This was sufficient argument concerning mitigation. See OCGA § 17-10-2 (a) (2) (defendant or defendant's counsel shall present argument regarding punishment); *Guyton v. State*, 281 Ga. 789, 794 (10) (e) (642 SE2d 67) (2007); *Blue v. State*, 275 Ga. App. 671, 674 (3) (621 SE2d 616) (2005).

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED MAY 23, 2007 — ■

*Mau & Kondritzer, Nancy L. Mau, Kenneth D. Kondritzer*, for appellant.

*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney*, for appellee.