IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2006

## BILLY JAMES MATTHEWS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-05-248    Roger A. Page, Judge**

**No. W2005-02939-CCA-R3-PC  - Filed October 5, 2006**

The Appellant, Billy James Matthews, appeals the dismissal of his petition for post-conviction relief. Matthews' convictions stem from his guilty pleas to rape and robbery, for which he was sentenced to ten years and six years respectively. In this appeal, Matthews raises the following issue for our review: whether the evidence preponderates against the post-conviction court's findings that he received the effective assistance of counsel. The State asserts that the post-conviction petition should be dismissed because it was filed outside the one-year post-conviction statute of limitations. We agree and conclude that Matthews' petition is barred by the statute of limitations. Dismissal of the post-conviction petition is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which and ROBERT W. WEDEMEYER, J., joined. JOSEPH M. TIPTON, P.J., concurred in result only.

William D. Vaughn, Jackson, Tennessee, for the Appellant, Billy James Matthews.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

On September 30, 2002, the Appellant was indicted by a Madison County grand jury for one count of aggravated rape, a Class A felony, and one count of aggravated robbery, a Class B felony, both of which occurred on January 17, 1996. On February 2, 2004, the Appellant pled guilty to the lesser offenses of rape, a Class B felony, and robbery, a Class C felony. Pursuant to the plea agreement, the Appellant was sentenced to ten years on the rape conviction and six years on the robbery conviction, to be served concurrently.

On June 8, 2004, the Appellant filed a petition for habeas corpus relief in the Hardeman County Circuit Court alleging that: (1) the trial court lacked subject matter jurisdiction over the rape offense because the prosecution was commenced outside the statute of limitations; and (2) his attorney provided ineffective assistance of counsel because he failed to raise a jurisdictional defense and failed to properly investigate DNA and other medical evidence. *Billy James Matthews v. Warden Glen Turner*, No. W2004-01547-CCA-R3-HC (Tenn. Crim. App. at Jackson, Apr. 26, 2005). On June 9, 2004, the Hardeman County Circuit Court summarily dismissed the habeas corpus petition, and, on April 26, 2005, this court affirmed the dismissal, concluding that the issues raised failed to allege any ground which would render the judgments void. In so concluding, this court observed that statutes of limitations are not jurisdictional and may be waived by the defendant. *Id*.

On January 31, 2005, the Appellant filed a *pro se* petition for post-conviction relief in the Madison County Circuit Court, and, on February 10, 2005, the post-conviction court dismissed the petition because the Appellant's appeal of his habeas corpus case was still pending in the Court of Criminal Appeals. The petition and order of dismissal are not part of the current case on appeal. Although the reasons for dismissal of this first post-conviction petition are not before us, the post-conviction court appeared to suggest at the hearing of this cause that dismissal resulted because the Appellant "had some type of direct appeal, habeas corpus, pending [at the time]". We would agree that the Post-Conviction Act provides that if "a post-conviction petition challenging the same conviction is already pending . . ." the judge shall enter an order dismissing the subsequent petition. However, we are aware of no authority which would require dismissal of a petition because a habeas corpus petition is pending. *See* T.C.A. § 40-30-106(c) (2003).

On June 15, 2005, following this court's affirmance of the dismissal of the habeas petition, the Appellant filed a second petition for post-conviction relief in the Madison County Circuit Court.[1] Counsel was appointed and the court held an evidentiary hearing on October 14, 2005, and dismissed the petition by written order on November 22, 2005, after review of the petition's merits. On December 2, 2005, the Appellant filed a *pro se* notice of appeal, and, on December 21, 2005, his attorney also filed a notice of appeal.

### Evidence Presented at Post-Conviction Hearing

At the evidentiary hearing, the Appellant testified that he was advised by trial counsel, during plea discussions, that the statute of limitations applicable to the facts of his charge of rape was eight years. After transfer to the Department of Correction, the Appellant testified he learned that based upon existing law in 1996, the applicable statute of limitations for rape was four years, assuming the

---

[1]In addition to the second petition, the Appellant filed a pleading captioned "Issue That Must Be Addressed For Proper Due-Process and Proper Representation At This Post-Conviction Evidentiary Hearing," presenting sixty-two (62) issues for review, which the post-conviction court alluded to as "arguably, an amended petition."

victim was fifteen years old at the time of the offense. Because the Appellant was indicted on September 30, 2002, he asserted that, based upon these facts, the prosecution was time barred.[2]

Trial counsel testified that he was able to negotiate a plea agreement which permitted the Appellant to plead guilty to the offenses of rape and robbery in exchange for concurrent sentences of ten years and six years respectively. Counsel acknowledged that he advised the Appellant that the statute of limitations for the offense of rape was eight years. Trial counsel stated that he recommended that the Appellant accept the State's plea offer, as the State had a strong case based upon eyewitness identification, DNA evidence linking the Appellant to the sexual assault, an inmate saying that the Appellant had discussed the offenses with him, that the victim was a sympathetic victim because she was pregnant at the time of the rape, and that the Appellant had prior felony convictions, which might be used to impeach him. At the evidentiary hearing, the State argued that the Appellant's petition for post-conviction relief was time barred as it was filed outside the one-year statute of limitations period.

In dismissing the petition, the post-conviction court entered the following findings:

> [T]his petition is not properly before this Court. Section 40-30-102(c) of the Tennessee Code Annotated states that the Post-Conviction Act contemplates the filing of only one (1) petition for post-conviction relief. A petitioner may move to reopen a post-conviction proceeding that has been concluded under the limited circumstances of T.C.A. § 40-30-117.

---

[2]The statute of limitations, as relied upon by the Appellant, provides in relevant part as follows:

> Prosecutions for any offense committed against a child prior to July 1, 1997, that constitutes a criminal offense under the provisions of . . . §§ 39-13-502[,] - - 39-13-505, . . . [which includes rape] shall commence no later than the date the child attains the age of majority or within four (4) years next after the commission of the offense, whichever occurs later . . . .

T.C.A. § 40-2-101(d) (1990).

Prior decisions of this court have held that if a child is the victim of certain sex offenses, the prosecution must be commenced within four years of the offense or by the time the child attains the age of majority, whichever occurs later. *See e.g. State v. James L. Hunsaker*, No. E2000-02419-CA-R9-CO (Tenn. Crim. App. at Knoxville, July 10, 2001) (appellate court dismissed nine counts of rape; victim was twenty years old at time of indictment and offenses occurred five to seven years earlier); *State v. Oscar Bernal*, No. M1999-00079-CCA-R3-CD (Tenn. Crim. App. at Nashville, Jan. 13, 2000) (appellate court dismissed nine counts of rape; victim was nineteen years old at time of indictment and offenses occurred five to seven years earlier).

Indeed in *Bernal*, this court observed, "Thus . . . there is a shorter limitations period for the child victim than there would be for the adult victim. We sincerely doubt that the legislature intended such a result; however, we are bound by the unambiguous language of the statute. We note the legislature amended the statute in 1997 to remedy the disparity." *Id*.

. . . .

[The Appellant] filed his first petition for post-conviction relief while his habeas corpus petition was pending. This Court dismissed the petition. . . . While the [Appellant] accurately stated one of the grounds upon which a concluded post-conviction proceeding may be reopened, the ground is not applicable to this case. . . .Thus this post-conviction proceeding was concluded on February 10, 2005, and has not been properly reopened.

However, to prevent injustice, the Court will address the merits of the issues raised by [the Appellant]. . . . The correct statute of limitations to apply to this matter is the limitations period for a Class A felony, fifteen (15) years. The state commenced prosecution well within the statutory period.

. . . .

In this court's opinion, based on the entire record in this cause, the credibility of the witnesses in open Court, and all the evidence presented, that this [Appellant] has not met his burden of proof to show that he is entitled to relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f).

**Analysis**

The record reflects that the Appellant entered his guilty pleas on February 2, 2004, and filed this post-conviction petition on June 15, 2005. Our Post-Conviction Act provides:

[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. . . . Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c),[3] the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

T.C.A. § 40-30-102(a) (2003) (footnote added).

The Appellant argues that the trial court lacked jurisdiction over the offense of rape to which he pled because the applicable statute of limitations had expired. Also, he argues that trial counsel

---

[3]Subsections (b) and (c) are not applicable to this case.

-4-

was ineffective for failing to advise him that the statute of limitations had expired on this offense. Neither of these allegations fall within the exceptions to the one-year limitation for filing a petition for post-conviction relief. *Id.* As such, the Appellant's June 2005 petition for post-conviction relief should have been dismissed upon grounds that it was time-barred.

Notwithstanding the post-conviction court's conclusion that the petition was not "properly reopened," the court proceeded to review the allegations upon the merits and found that the statute of limitations for the rape offense had not expired. We conclude that the trial court erred in this regard because it lacked jurisdiction to consider the petition's merits. Nonetheless, we are constrained, for instructional purposes, to review the post-conviction court's conclusion with regard to this issue of first impression in view of its consequences in future prosecutions.

The prosecution of the Appellant was initiated following his conviction for an unrelated felony which required that he provide a biological specimen for purposes of DNA analysis. *See* T.C.A. § 40-35-321 (2003). The court opined that for statute of limitations purposes, the central issue here is the identity of the offender. Accordingly, the court concluded:

> [The prosecution was commenced within the limitations period after the discovery of the identity of the Appellant pursuant to the DNA database.] The Legislature could not have intended the statute of limitations to apply to a case wherein the assailant's identity is not known to the victim and only becomes known through the DNA database. Other states have acknowledged the value of CODIS (Federal Bureau of Investigation's "Combined DNA Index System") in construing their criminal statutes of limitations. *See, e.g. McKeehan v. State*, 616 S.E.2d 489 Ga. App. 2005). This new [scientific] technology, which became operational in October, 1998, was instrumental in linking this Appellant to this offense. www.fbi.gov/hq/lab/codis/program.htm. The advent of this technology requires that the discovery rule be applied to criminal cases that hinge on DNA evidence. To hold otherwise would invalidate the purpose of the DNA database.

The Tennessee statute of limitations is tolled "during [the time] which the party charged conceals the fact of the crime, or during which the party charged was not usually and publicly resident within the state. . . ." T.C.A. § 40-2-103 (2003). We note that at least one state has construed its limitations period to exclude the time during which an offender's identity is unknown. *People v. Grogan*, 816 N.Y.S.2d 93, 95 (N.Y. App. Div. 2006) (statute which tolled limitations period during which defendant's "whereabouts" was unknown included situation in which defendant's identity was unknown until his DNA profile from rape kit was matched with defendant's DNA profile in CODIS); *People v. Lloyd*, 805 N.Y.S.2d 20, 21 (N.Y. App. Div. 2005) (statute of limitations tolled until state acquired the ability to solve the crime by matching DNA). Another jurisdiction has defined the statute of limitations to provide that certain offenses, including rape, "may be commenced at any time when deoxyribonucleic acid (DNA) evidence is used to establish

the identify of the accused." *McKeehan v. State*, 616 S.E.2d 489, 492 (Ga. Ct. App. 2005). However, the Tennessee Legislature has not amended this state's statute of limitations regarding the use of DNA evidence, and we believe that this issue is more appropriately left to their judgment.

## CONCLUSION

Because the Appellant's petition is barred by the statute of limitations, dismissal of the petition is affirmed.

_____
DAVID G. HAYES, JUDGE