A89A0254. JAMES v. THE STATE.
(382 SE2d 658)

CARLEY, Chief Judge.
Under the circumstances described in the companion case of *Jones v. State*, 191 Ga. App. 332 (381 SE2d 575) (1989), appellant and two of her companions were arrested for violating the Controlled Substances Act. The three were jointly indicted for the drug violations. One of the co-indictees entered a plea of guilty. Appellant and Scott Reid Jones pled not guilty. Jones unsuccessfully moved for severance, and he and appellant were brought to trial before a jury. When Jones took the stand in his own defense, appellant sought to impeach him by introducing his prior conviction for possession of marijuana. The trial court refused to allow Jones to be impeached. Instead, the trial court ordered a mistrial as to appellant, and a severance for her to be tried separately at a later date. Appellant made no objection at the time of the trial court's rulings. However, she subsequently filed a plea of double jeopardy as against being retried on the drug charges. Pursuant to *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982), appellant brings this direct appeal from the trial court's order overruling her double jeopardy plea.

"[T]he grant or denial of a motion to sever is left in the discre-

tion of the trial court. . . . [Cit.] In the exercise of that discretion, the trial court 'should grant a severance before *or during the trial* whenever it appears "necessary to achieve a fair determination of the guilt or innocence of a defendant." [Cit.]' [Cit.]" (Emphasis supplied.) *Baker v. State*, 238 Ga. 389, 391 (2) (233 SE2d 347) (1977). Accordingly, that the severance and mistrial were ordered after jeopardy had attached is no ground for sustaining appellant's plea of double jeopardy. See *United States v. Aguilar*, 610 F2d 1296 (5th Cir. 1980).

Appellant urges, however, that the double jeopardy clause bars her retrial because the severance and mistrial were precipitated by bad-faith conduct on the part of the State and trial judge. See generally *Cobb v. State*, 246 Ga. 619 (272 SE2d 296) (1980). According to appellant, the State and the trial court were apprised by Jones' pretrial motion for severance that she would attempt to impeach him should he choose to testify. Thus, appellant urges that the State's refusal to support and the trial court's refusal to grant a severance until after jeopardy had actually attached evidences bad-faith conduct.

The record does reflect that the issue of Jones' possible impeachment by appellant was raised prior to trial. The record would not, however, support a conclusion that the failure to grant a severance at that time was the result of any bad-faith conduct on the part of the State or the trial court. Instead, it appears that any delay in granting a severance was entirely attributable to appellant. At no point prior to trial did appellant substantiate the existence of Jones' prior conviction or her ability to impeach him by introduction of a certified copy of that prior conviction. This shows that the trial court, in the proper exercise of its discretion, refused to grant a pre-trial severance based solely on appellant's unsubstantiated assertions that Jones was subject to impeachment. It does not show that the subsequent grant of the severance — after appellant had substantiated her assertions and produced a certified copy of the prior conviction — was the result of any bad-faith conduct. The trial court did not err in overruling appellant's plea of double jeopardy. See generally *Morris v. State*, 180 Ga. App. 896 (350 SE2d 851) (1986).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 9, 1989 —
REHEARING DENIED MAY 31, 1989 —

*W. Keith Davidson*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.