A95A1714. STONE v. THE STATE.
(461 SE2d 548)

JOHNSON, Judge.

Timothy Lowell Stone appeals from his convictions for armed robbery and possession of a firearm during commission of a felony. He also challenges the sentence imposed in connection with the armed robbery offense.

1. Stone alleges that the trial court erred by refusing to exercise discretion in sentencing him to life imprisonment on the armed robbery count. Prior to trial, Stone was notified of the State's intent to introduce his prior felony convictions as evidence in aggravation of punishment at the time of sentencing. After the jury returned a guilty verdict, the State asked the court to impose a life sentence, a maximum sentence for armed robbery, pursuant to OCGA § 16-8-41 (b), because of Stone's status as a recidivist. OCGA § 17-10-7 (a). The trial court has no discretion to probate or suspend any portion of the maximum sentence prescribed for the offense because the conviction required a life sentence. Therefore, Stone's assertion that the trial court erred in declining to exercise discretion in sentencing is without merit. In *State v. Baldwin*, 167 Ga. App. 737, 740 (4) (307 SE2d 679) (1983), this court determined that a trial court has no discretion to probate or suspend a portion of a mandatory life sentence imposed pursuant to OCGA § 17-10-7 (a). In *Baldwin*, as in this case, the imposition of a life sentence was mandatory pursuant to OCGA § 17-10-7 (a), and the court held that OCGA § 17-10-1 (a), which expressly abrogates the trial court's discretionary power to grant probation in cases in which life imprisonment or capital punishment is imposed, applied. See *Mosley v. State*, 203 Ga. App. 275, 276-277 (4) (416 SE2d 736) (1992).[1] Because the required sentence for a recidivist convicted of the offense of armed robbery is life imprisonment and because OCGA § 17-10-1 (a) does not permit a trial court to exercise discretion with regard to a life sentence imposed under these circumstances, we conclude that the trial judge did not err in imposing a life sentence on the armed robbery conviction.

2. Stone asserts that his second trial violated the double jeopardy provisions of the United States Constitution, the Georgia Bill of Rights and the statutory prohibition against successive prosecutions. The facts giving rise to this claim are highly unusual. After a jury was impaneled, Stone's counsel learned that the attorney representing Stone's co-defendant was going to testify for the State regarding his discovery of Stone's probation identification card near the scene of the crime. Stone moved for severance and for a mistrial, arguing that the introduction of this evidence by the co-defendant's counsel created a defense which was antagonistic to Stone's defense and prejudiced his right to a fair trial. The trial court agreed and granted the motion for severance, electing to go forward with the trial of the co-defendant. Instead of granting a mistrial, however, the court continued Stone's case. The trial court suggested that severance would

---

[1] Cf. *Knight v. State*, 243 Ga. 770, 771 (257 SE2d 182) (1979) and *Wallace v. State*, 216 Ga. App. 718, 720 (5) (455 SE2d 615) (1995) in which the exercise of discretion was mandated where maximum sentences were for terms of years.

not give rise to a double jeopardy claim and specifically confirmed on the record that Stone was waiving any potential double jeopardy objection.

"The grant or denial of a motion to sever is left in the discretion of the trial court. In the exercise of that discretion, the trial court should grant a severance before *or during the trial* whenever it appears necessary to achieve a fair determination of the guilt or innocence of a defendant. Accordingly, that the severance and mistrial were ordered after jeopardy had attached is no ground for sustaining appellant's plea of double jeopardy." (Citations and punctuation omitted; emphasis in original.) *James v. State*, 191 Ga. App. 723, 724 (382 SE2d 658) (1989). We believe that the trial court's grant of a continuance was equivalent to the grant of a mistrial, and that the holding in *James*, supra, applies here. See also *Hill v. State*, 239 Ga. 278, 281 (3) (236 SE2d 626) (1977), which suggests that a defendant who consents to severance during a trial cannot later plead double jeopardy. Accordingly, Stone's assertion that his second trial violated his federal and state protections against double jeopardy is without merit.

3. Stone also asserts that he was denied effective assistance of counsel because his trial attorney failed to raise a plea in bar to the second trial on double jeopardy grounds; because he was not advised of the sentence which would be imposed in the event of a conviction; and because trial counsel's performance was generally deficient. As we held in Division 2, there was no legal basis to support a plea of double jeopardy. Therefore, trial counsel's failure to raise it did not affect the outcome of the case.

An evidentiary hearing was conducted by the trial court in connection with Stone's motion for new trial which first raised the ineffective assistance of counsel claim. Trial counsel testified that he spoke with Stone about the recidivist statute and about a life sentence, urging Stone to allow him to initiate plea negotiations with the State. Stone, maintaining that he was innocent, refused to authorize any discussions with the State regarding a plea. We find Stone was adequately informed of the sentence which would be imposed by the court in the event the jury returned a guilty verdict.

"[A]n appellant must overcome the strong presumption that the representation was effective. . . . A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations and punctuation omitted.) *Pardo v. State*, 215 Ga. App. 317, 319 (6) (450 SE2d 440) (1994). The trial judge had the opportunity to observe counsel during the trial of the case and heard trial counsel's testimony regarding his representation of Stone at the hearing on the motion for new trial. The trial court's conclusion that the assistance of counsel at trial was

effective under the law was not clearly erroneous and will not be disturbed.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED AUGUST 15, 1995.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.