A03A2280. THE STATE v. SCOTT.
(593 SE2d 923)

ADAMS, Judge.

Gregory Brent Scott was convicted by a jury of one count of rape. Prior to trial, the state served notice that it intended to seek sentenc-

---

ing under OCGA § 17-10-7 (a) on the basis of Scott's two prior felony convictions for possession of marijuana and first degree forgery. OCGA § 17-10-7 (a) provides that where an individual is convicted of a felony following a prior felony conviction, he "shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense." The maximum sentence in this case is life. See OCGA § 16-6-1 (b).

At the sentencing hearing, the trial judge acknowledged the requirements of OCGA § 17-10-7 (a) and originally sentenced Scott to life. Relying upon the language of that provision allowing a judge discretion to probate or suspend the maximum sentence, the trial judge gave Scott only ten years to serve in conjunction with that life sentence. He also stated that if, upon further research, he determined that he could not give probation under a life sentence, he would change the sentence to twenty years, with ten years to serve. The written sentence later signed by the trial judge gave Scott a sentence of twenty years, with ten to serve.

On appeal, the state asserts that this sentence is void because the trial judge was required under OCGA § 17-10-7 (a) to give Scott a life sentence. We agree. Because Scott had been convicted of prior felonies and the offense of rape is also a felony, the maximum sentence of life was mandatory under OCGA § 17-10-7 (a). *Stone v. State*, 218 Ga. App. 350, 351 (1) (461 SE2d 548) (1995); *State v. Temple*, 189 Ga. App. 284, 285 (1) (375 SE2d 300) (1988); *State v. Baldwin*, 167 Ga. App. 737, 739 (3) (307 SE2d 679) (1983). While that section gives a trial judge discretion to probate or suspend the maximum sentence, such discretion applies "unless otherwise provided by law." OCGA § 17-10-7 (a). This court has long held that OCGA § 17-10-1, governing probation and suspension of sentences, does not apply to life sentences. See *Baldwin*, 167 Ga. App. at 740 (4). Thus, under OCGA § 17-10-7 (a), "where the maximum penalty is life in prison, the trial court lacks discretion to probate or suspend any part of the sentence." *State v. Jones*, 253 Ga. App. 630, 632 (560 SE2d 112) (2002); *Baldwin*, 167 Ga. App. at 740 (4).

Accordingly, Scott's sentence must be reversed and remanded for imposition of a life sentence under OCGA § 17-10-7 (a), with no discretion in the trial judge to probate or suspend any portion of that sentence.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 2, 2004.

*Cecilia M. Cooper, District Attorney, Robert H. Reeves, Assistant District Attorney*, for appellant.
*Ramon J. Fajardo, Jennifer R. Watts*, for appellee.