## A08A1444. SINGLETON v. THE STATE.
(667 SE2d 711)

PHIPPS, Judge.

Donny Singleton was convicted of armed robbery and criminal trespass. The trial court imposed a sentence of life imprisonment for the armed robbery conviction and a concurrent 12-month sentence for the criminal trespass conviction. Singleton appeals. He challenges the sufficiency of the evidence to support his convictions, and he complains that the court erroneously concluded that no portion of

---

his sentence of life imprisonment for armed robbery could be probated or suspended. Finding merit in neither claim of error, we affirm.

The victim, Courtney Mars, testified that soon after he met Singleton he invited him over to spend the night at his apartment. The next morning, Singleton brandished a revolver while forcing Mars to hand over several pieces of jewelry he was wearing. He then tied Mars up, gagged him, and left the room. Mars freed himself, shut and locked the door to the room, and yelled for help from his roommate, Darren Daniel. Daniel told Singleton to leave, but instead Singleton kicked in the door to the room where Mars was hiding, retrieved an overnight bag he had left there, and then fled the apartment. The police were summoned. And later, Mars positively identified Singleton from a photographic lineup.

Daniel appeared at trial and corroborated Mars's testimony. Daniel testified that after Singleton fled the apartment, Mars told him that Singleton had tied him up and put a gun in his mouth. Although Daniel did not testify that he actually saw the gun during his encounter with Singleton, Daniel did testify that he believed Mars because his mouth was bleeding. And evidence was presented that before invoking his *Miranda* rights, Singleton admitted to police that he had been at Mars's apartment at the time in question.

Prior to trial, Singleton was given notice that the state would seek recidivist sentencing under OCGA § 17-10-7 (a) because of his prior felony convictions. After the jury returned verdicts of guilty, the court sentenced Singleton to life imprisonment for his armed robbery conviction pursuant to OCGA § 17-10-7 (a). The court determined that, although Singleton might be paroled at some point, it had no discretion to probate or suspend any part of the life sentence.

1. The evidence was sufficient to support Singleton's convictions of criminal trespass based on his damage to Mars's bedroom door[1] and of armed robbery based on his taking jewelry from Mars though the use of a handgun.[2]

2. There is no merit in Singleton's challenge to his life sentence.

OCGA § 17-10-7 (a) generally provides that any person convicted of a felony who shall afterward commit another felony

> shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless

---

[1] See OCGA § 16-7-21 (a).

[2] See generally *Donnell v. State*, 285 Ga. App. 135 (1) (645 SE2d 614) (2007).

otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

The longest period of time prescribed by Georgia law for the punishment of armed robbery is life imprisonment.[3] And as recognized in *State v. Baldwin*,[4] OCGA § 17-10-1 "expressly abrogates the trial court's discretionary power to grant probation in cases in which life imprisonment or capital punishment is imposed."[5] Thus, as held in *Baldwin*, it is "otherwise provided by law" that the trial court has no discretion to probate or suspend a portion of a life sentence imposed as recidivist punishment under OCGA § 17-10-7 (a).[6] Singleton's contentions regarding the unconstitutionality of OCGA § 17-10-7 as so applied have been decided adversely to him.[7]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

### DECIDED SEPTEMBER 30, 2008.

*Little & Crumly, Samuel F. Little, Jr.*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

---

[3] OCGA § 16-8-41 (b); see *Worley v. State*, 265 Ga. 251, 252 (1) (454 SE2d 461) (1995) (rejecting argument that person convicted of armed robbery must be given sentence for a determinate number of years rather than a life sentence unless he is sentenced to life as a recidivist under OCGA § 17-10-7).

[4] 167 Ga. App. 737 (307 SE2d 679) (1983).

[5] Id. at 740 (4) (citation and punctuation omitted).

[6] Supra; see *Stone v. State*, 218 Ga. App. 350, 351 (1) (461 SE2d 548) (1995); compare *Pritchett v. State*, 267 Ga. App. 303, 304 (1) (599 SE2d 291) (2004) (where defendant convicted of possession of cocaine is sentenced as a recidivist, trial court has discretion to probate sentence); *Jackson v. State*, 158 Ga. App. 530, 532 (3) (281 SE2d 252) (1981) (where defendant convicted of burglary is sentenced as a recidivist, trial court has discretion to probate sentence).

[7] See *Ortiz v. State*, 266 Ga. 752, 753 (2) (470 SE2d 874) (1996).