## A10A1665. LESTER v. THE STATE.
(710 SE2d 161)

MILLER, Presiding Judge.

Following a joint trial with his co-defendant, Shawn Gordon, a jury convicted Damien Lester of kidnapping (OCGA § 16-5-40 (a)), hijacking a motor vehicle (OCGA § 16-5-44.1 (b)), armed robbery (OCGA § 16-8-41 (a)), possession of a firearm during the commission of a felony (OCGA § 16-11-106 (b) (1)), carrying a concealed weapon (OCGA § 16-11-126 (b)), and possession of a weapon on school property (OCGA § 16-11-127.1 (b) (1)). Lester appeals, contending that (i) the evidence was insufficient to support his convictions and (ii) the trial court failed to exercise its discretion in sentencing him as a recidivist. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence showed that on October 26, 2007, at approximately noon, the victim, a student at Georgia State University, walked to her car to retrieve her books for her next class. When the victim entered the school's parking deck, she noticed two men later identified as Lester and his co-defendant, Gordon, ahead of her. She quickly got into her car. Lester and Gordon approached the victim outside her car door. Lester brandished a rifle that he had previously concealed on his person and Gordon had a handgun. They ordered the victim to get in the back of the car. She complied because she feared for her safety. Lester then entered the driver's seat. He placed his rifle on the center console and pointed it in the victim's direction. Gordon got in the back seat with the victim and aimed his gun at her pursuant to Lester's instructions.

After driving the victim's car out of the parking deck, Lester demanded cash or a debit card from the victim. When the victim told them she did not have her debit card, they told her that she needed to "come up with a way to get them some money." The victim then stated that she had credit cards in the trunk and she could activate the cards in order to withdraw money. Lester then stopped the car, retrieved the victim's purse, and gave it to Gordon, who took out the victim's credit cards. After one of the credit cards was activated, Lester was able to use the card to withdraw $3,030 from various ATMs at gas stations in the area.

Upon obtaining the cash withdrawals, Lester and Gordon drove the victim to a car wash facility, where they wiped the car down in efforts to remove their fingerprints. They ordered the victim to keep her head down and not to look at anyone. After they left the car wash facility, they drove around for an appreciable length of time before stopping at an apartment complex. Lester and Gordon got out of the car, wiped it down for fingerprints, removed their belongings from the car, and took the victim's cell phone. Then, they departed on foot. The victim testified that she was detained in the car for approximately two hours during the course of the ordeal.

After the victim was released, she immediately reported the crimes to a police officer. She provided the officer with a detailed description of Lester and Gordon and the address of the apartment complex where they left her. Shortly thereafter, Lester and Gordon were apprehended. The victim identified Lester as one of the perpetrators. Following his arrest, Lester was charged and convicted of kidnapping, hijacking a motor vehicle, armed robbery, possession of a firearm during the commission of a felony, possession of a concealed weapon, and carrying a weapon on school property.

During the sentencing phase, the trial court admitted Lester's four prior convictions and sentenced Lester as a recidivist to life plus ten years of imprisonment.

1. Lester contends that the evidence was insufficient to support his convictions. We disagree.

The victim's testimony alone established the essential elements of the offenses. OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."). Based upon the evidence set forth above, Lester's convictions were authorized under the standard of *Jackson v. Virginia*. See OCGA §§ 16-5-40 (a)[1] (kidnap-

---

[1] *Garza v. State*, 284 Ga. 696, 702 (1) (670 SE2d 73) (2008) adopted a four-factor test to assess the sufficiency of the evidence as to the asportation element of kidnapping. Following *Garza*, the legislature amended the kidnapping statute. See Ga. L. 2009, p. 331, § 1. Since the amendment only applies to crimes committed on or after the effective date of the statute, July 1, 2009, it is inapplicable here, and the standard in *Garza* applies. Lester's asportation of the

ping); 16-5-44.1 (b) (hijacking a motor vehicle); 16-8-41 (a) (armed robbery); 16-11-106 (b) (1) (possession of a firearm during the commission of a felony); 16-11-126 (b) (carrying a concealed weapon); 16-11-127.1 (b) (1) (possession of a weapon on school property).

2. Lester contends that the trial court failed to exercise its discretion when it sentenced him as a recidivist under OCGA § 17-10-7 (c), based on its mistaken belief that it had to impose the maximum sentence for each of his convictions. We are not persuaded.

The general recidivist statute for crimes other than burglary and drug offenses is set forth in OCGA § 17-10-7. OCGA § 17-10-7 (a) and (c) pertinently state:

> (a) Except as otherwise provided in subsection (b) of this Code section,[2] any person convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, *shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted*, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.
>
> . . .
>
> (c) Except as otherwise provided in subsection (b) of this Code section, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, *serve the maximum time provided in the sentence of the judge based upon such conviction* and shall not be eligible for parole until the maximum sentence has been served.

(Emphasis supplied.)

---

victim from the school parking deck to various locations, ultimately ending at an apartment complex where the victim was released two hours later, was sufficient asportation to authorize the kidnapping conviction.

[2] Lester concedes on appeal that OCGA § 17-10-7 (b) is inapplicable.

4

Prior to trial, the State filed a notice of intent to seek recidivist punishment and introduce evidence of Lester's prior convictions in aggravation of sentence, pursuant to OCGA § 17-10-7 (a) and (c). At the sentencing hearing, the State introduced certified copies of Lester's felony convictions for obstruction of an officer, possession of cocaine with intent to distribute, possession of tools for the commission of a crime, possession of a firearm by a convicted felon, carrying a concealed weapon, aggravated assault, and theft by taking (motor vehicle). The prosecutor recommended that the trial court impose the following sentence: twenty years on the hijacking a motor vehicle count, a life sentence on the armed robbery count, twenty years on the kidnapping count, ten years consecutive on the possession of a firearm during the commission of a felony count, ten years on the possession of a weapon on school property count, and twelve months on the carrying a concealed weapon count. Except for the offense of possession of a firearm during the commission of a felony, the prosecutor recommended concurrent sentences on the remaining counts.

When the trial court asked Lester's counsel if he agreed with the State's analysis of OCGA § 17-10-7, counsel questioned the prosecutor's interpretation of the sentencing provision, and asked the trial court to sentence Lester to "the minimum sentence that the statutory construction of [OCGA §] 17-10[-7] might allow." After reviewing the prior convictions, the trial court sentenced Lester to a total sentence of life plus ten years imprisonment: twenty years to serve for the hijacking a motor vehicle count, life imprisonment for the armed robbery count, twenty years to serve on the kidnapping count, ten years to serve for the possession of weapon on school property count and twelve months to serve for the carrying a concealed weapon count. Each of these sentences ran concurrent with one another. On the possession of a firearm during the commission of a felony count, the trial court imposed a sentence of ten years to serve, consecutive to all other counts. The trial court recognized that a life sentence for the armed robbery count was a mandatory sentence under the recidivist statute.

Lester contends that the maximum sentence for armed robbery was twenty years, and therefore, the trial court failed to exercise its discretion when it sentenced him to life imprisonment. We disagree. It is undisputed that Lester had been convicted of at least three prior felonies. Thus, Lester was required to be sentenced to "the longest period of time prescribed for the punishment of the subsequent [armed robbery] offense" and was required to "serve the maximum time provided in the sentence of the judge based upon [his conviction of armed robbery] and shall not be eligible for parole until the

maximum sentence has been served." OCGA § 17-10-7 (a), (c).[3] The longest period of time prescribed for punishment of armed robbery is life imprisonment. See OCGA § 16-8-41 (b); *Singleton v. State*, 293 Ga. App. 755, 757 (2) (667 SE2d 711) (2008).

Furthermore, because life imprisonment was an authorized punishment for a conviction of armed robbery, and because Lester was sentenced as a recidivist under OCGA § 17-10-7 (a) and (c), the trial court lacked the discretion to sentence him to a lesser sentence. Nor was the trial court authorized to probate any part of the armed robbery sentence. OCGA § 17-10-7 (a) allows the trial judge to probate or suspend the maximum sentence "unless otherwise provided by law." Significantly, "[u]nder OCGA § 17-10-1 (a) (1), where the penalty imposed is life in prison, a trial court lacks discretion to probate or suspend any part of the sentence." (Citations and footnote omitted.) *Hall v. State*, 292 Ga. App. 544, 550 (5) (664 SE2d 882) (2008). See also *State v. Jones*, 253 Ga. App. 630, 632 (560 SE2d 112) (2002).

To the extent that Lester argues the trial court erred by failing to exercise its discretion by not imposing probation on the remaining counts, we disagree. It is presumed that the trial court exercised its discretion in sentencing Lester to a period of incarceration, rather than probation, where no evidence to the contrary appears. See *Paige v. State*, 277 Ga. App. 687, 688-689 (2) (627 SE2d 370) (2006) ("Unless affirmative evidence shows otherwise, the trial court is presumed to have exercised its discretion in imposing sentence.") (citations and punctuation omitted). Compare *Page v. State*, 287 Ga. App. 182, 184 (3) (651 SE2d 131) (2007) (trial court's conclusion that it was required to sentence fifth-time recidivist defendant to maximum sentence of 20 years for burglary and that it had no discretion to probate or suspend the sentence under OCGA § 17-10-7 (c), was erroneous). Here, unlike *Page*, the trial judge did not expressly disavow his discretion in sentencing Lester on the remaining counts. Since the record does not support Lester's surmise, his claim fails.

*Judgment affirmed. Ellington, C. J., Smith, P. J., Barnes, P. J., Phipps, P. J., Andrews, Mikell, Adams, Doyle, Blackwell, Dillard and McFadden, JJ., concur.*

---

[3] "[Subsections (a) and (c)] must be read together. If both apply[, as here,] the trial court must apply them both." *Thompson v. State*, 265 Ga. App. 696, 698 (2) (595 SE2d 377) (2004). Thus, to the extent that this Court's decisions in *Colbert v. State*, 303 Ga. App. 802, 804 (694 SE2d 694) (2010), *Johnson v. State*, 285 Ga. App. 590, 591 (3) (646 SE2d 760) (2007), and *Blevins v. State*, 270 Ga. App. 388, 394 (5) (606 SE2d 624) (2004), or any other cases may be understood for the proposition that under OCGA § 17-10-7 (a) and (c), a trial court retains jurisdiction to sentence a recidivist defendant to anything less than the maximum penalty, they are disapproved.

DECIDED MARCH 30, 2011 — 

*Cromwell & Hibbert, Henry A. Hibbert,* for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney,* for appellee.