**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 6, 2013**

# In the Court of Appeals of Georgia

A13A1352. MACK v. THE STATE.

BRANCH, Judge.

Steve Mack appeals the denial of his motion to modify his sentence, asserting that the statutes under which he was sentenced were vague and ambiguous. We affirm.

The record shows that Mack pled guilty to armed robbery, and on January 28, 2008, the trial court sentenced Mack to life as a recidivist under OCGA § 17-10-7 (a).[1]

---

[1] In relevant part, OCGA § 17-10-7 (a) provides as follows:
. . . any person who, after having been convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

Mack later filed a motion to withdraw his guilty plea, which the trial court denied, and Mack appealed. We affirmed the trial court's ruling in an unpublished opinion. The remittitur issued on June 22, 2012. On November 16, 2012, Mack filed a motion to modify his sentence, arguing that when read together the sentencing provisions of the armed robbery statute and the recidivist statute are ambiguous and that, in accordance with the rule of lenity, his sentence should be reduced. See *Brown v. State*, 276 Ga. 606, 608 (2) (581 SE2d 35) (2003) ("Where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered.") (footnote and punctuation omitted). On November 27, the trial court denied the motion, and Mack thereafter appealed. [2]

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Mack filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is

---

[2] In his amended notice of appeal, Mack requested that the record on appeal omit any transcripts.

2

void if the court imposes punishment not allowed by law. *Hughes v. State*, 273 Ga. App. 705-706 (615 SE2d 819) (2005). Therefore, in order to support a motion for sentence modification filed outside the statutory time period of OCGA § 17-10-1 (f), a defendant must demonstrate that the sentence imposes punishment not allowed by law.

Mack contends that his sentence is void because there is an inherent ambiguity between the recidivist statute, OCGA § 17-10-7 (a), which provides that repeat offenders be sentenced to the "the longest period of time prescribed for the punishment of the subsequent offense," and the armed robbery statute, OCGA § 16-8-41 (b), which provides for a punishment of "imprisonment for life or by imprisonment for not less than ten nor more than 20 years." Mack contends that it is not possible to determine whether "the longest period of time" means life, or 20 years. Because Mack raises a colorable claim that his life sentence was not allowed by law, Mack was entitled to file his motion in the trial court and to file a direct appeal from the denial of his motion. See *Rooney v. State*, 318 Ga. App. 385, 386 (734 SE2d 104) (2012); *Frazier*, 302 Ga. App. at 348.

Nevertheless, Mack's argument fails. This Court has recently held that the construction of OCGA § 17-10-7 (a) as applied to the armed robbery statute is clear:

3

"[t]he longest period of time prescribed for punishment of armed robbery is life imprisonment." (Citations omitted.) *Lester v. State*, 309 Ga. App. 1, 5 (2) (710 SE2d 161) (2011); see also *Singleton v. State*, 293 Ga. App. 755, 757 (2) (667 SE2d 711) (2008) (same). We agree and find no ambiguity in the application of OCGA § 17-10-7 (a) to the sentencing provisions in the armed robbery statue. Mack's sentence of life imprisonment therefore falls within the statutory range and is not void.

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur*.