**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 27, 2018**

# In the Court of Appeals of Georgia

A18A1255. GRACE v. THE STATE.

MERCIER, Judge.

Tyrone Grace was convicted of trafficking a person for sexual servitude, aggravated child molestation, and pandering for a person under 18 years of age.[1] He appeals, challenging the sufficiency of the evidence supporting his sex trafficking conviction. He also claims that the trial court erred in imposing sentence. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, we construe the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. See *Ferguson v. State*, 335 Ga. App. 862, 863 (1) (783 SE2d 380) (2016).

---

[1] Grace was also indicted for robbery, but a nolle prosequi was entered as to that charge.

We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient for the jury to find the defendant guilty beyond a reasonable doubt. See id.

So viewed, the evidence shows that in the spring of 2016, 15-year-old A. W. was a troubled youth who had run away from home on numerous occasions, spent time in behavioral treatment facilities, and often begged for money in her neighborhood. On the night of April 25, 2016, A. W. went to a gas station near her apartment to beg for money. At some point, a car occupied by Grace and two other men arrived. Grace went inside the store attached to the gas station, and the other two individuals spoke with A. W., who got into the car with them. When Grace returned, the men drove A. W. to a hotel. Grace left the car, and A. W. performed oral sex on the driver in the hotel parking lot. Grace then called the driver's cell phone to inform A. W. that he was in a particular room in the hotel.

A. W. went to the room, where she found Grace, another man, and a woman. Grace took A. W. to a nearby restaurant, bought her food, and gave her money. They returned to the hotel, and A. W. asked Grace for more money, but Grace told her "to wait." Eventually, A. W. stated: "I will perform oral sex with you if you give me more money."

2

They went into the bathroom, and A. W. place her mouth on Grace's penis until he ejaculated. After she completed the act, Grace handed A. W. a $100 bill. The woman in the room, however, demanded that A. W. give her the money, threatening to harm A. W. if she did not comply. A. W. surrendered the $100 bill to the woman and also gave Grace other cash that she had on her person. A. W. asked whether she could have her money back, but Grace "just stared" at her. A. W. screamed, and the woman pointed a gun at her, then dragged her by her hair out of the hotel room. A. W. ran from the scene and called the police. Based on the evidence presented, the jury found Grace guilty of trafficking a person for sexual servitude, aggravated child molestation, and pandering for a person under 18 years old.

Grace now challenges the sufficiency of the evidence supporting his sex trafficking conviction. With respect to that charge, the indictment alleged that Grace "did knowingly obtain [A. W.], a person under the age of 18 years, for the purpose of sexual servitude," in violation of OCGA § 16-5-46 (c) (2015).[2] Focusing on the

---

[2] We rely on the version of the statute in effect at the time the crime was committed in April 2016. See *Woodward v. State*, 342 Ga. App. 499 n.1 (804 SE2d 153) (2017).

3

indictment's use of the term "obtain," Grace argues that the State offered no evidence that he ever "obtained" A. W. We disagree.

Pursuant to OCGA § 16-5-46 (c) (2015), "[a] person commits the offense of trafficking a person for sexual servitude when that person . . . knowingly . . . obtains by any means another person for the purpose of sexual servitude." The statute defines "sexual servitude" as, among other things,

> [a]ny sexually explicit conduct or performance involving sexually explicit conduct for which anything of value is directly or indirectly given, promised to, or received by any person, which conduct is . . . induced or obtained from a person under the age of 18 years[.]

OCGA § 16-5-46 (a) (6) (A) (2015). It does not, however, define the word "obtain." We thus "look to the ordinary meaning of that word, given that it is not a term of art or a technical term." *Jackson v. State*, 309 Ga. App. 24, 26 (1) (a) (709 SE2d 44) (2011) (footnote omitted); see also OCGA § 1-3-1 (b) ("In all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter, which shall have the signification attached to them by experts in such trade or with reference to such subject matter.").

To "obtain" generally means "[t]o succeed in gaining possession of as the result of planning or endeavor." The American Heritage Dictionary, Second College Edition (1985 ed.). See also *Jackson*, supra ("obtain" means "to gain or attain possession usually by some planned action or method") (punctuation and footnote omitted). The word "possess" has been defined as "[t]o gain or exert influence or control over; dominate." The American Heritage Dictionary, supra. Applying the ordinary meaning of these words to the sex trafficking statute, the offense occurs when a person knowingly, through an endeavor, planned action, or method, gains or exerts control or influence over another person for the purpose of sexual servitude. See, e.g., *Jackson*, supra (applying dictionary definition to ascertain meaning of the word "obtain" in a criminal statute).

Although Grace initially left A. W. in the car when they arrived at the hotel, he phoned the car's driver to provide A. W. with his room number, and she went to the room. Grace bought her food and gave her money, but she continued to beg for "more and more money." He did not refuse her pleas, instead telling her to "wait," at which point she offered to perform oral sex for payment. Given these circumstances, the jury was authorized to find that, through an endeavor, planned action, or method, Grace gained or exerted influence or control over 15-year-old A. W. by giving her

5

food and money, then leaving the prospect of more money open until she performed a sexual act for cash. See *Lemery v. State*, 330 Ga. App. 623, 628 (1) (768 SE2d 800) (2015) ("[W]hether [defendant's] actions were sufficient to compel a reasonable person in [victim's] position to perform or to continue performing the alleged acts of sexual servitude was a question of fact for the jury to consider under the totality of the circumstances."). The evidence, therefore, supported the jury's conclusion that Grace knowingly obtained A. W. for the purposes of sexual servitude, within the meaning of OCGA § 16-5-46 (c) (2015).

2. Grace argues that the trial court erroneously refused to consider probating a portion of his sentence for aggravated child molestation. Again, we disagree.

Because Grace had two prior felony convictions, the trial court sentenced him as a recidivist under OCGA § 17-10-7 (a) (2015). Pursuant to that provision:

> any person who, after having been convicted of a felony offense in this state . . . , commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

OCGA § 17-10-7 (a) (2015).

Life imprisonment is the maximum penalty for aggravated child molestation. See OCGA § 16-6-4 (d) (1) (2015). The trial court thus sentenced him to life in prison pursuant to OCGA §§ 16-6-4 (d) (1) (2015) and 17-10-7 (a) (2015). Grace does not dispute that a life sentence was authorized here. He claims, however, that the trial court was allowed to probate a portion of the life sentence, but mistakenly believed it could not do so.

"[U]nless otherwise provided by law," a trial court has the power to probate or suspend a recidivist sentence imposed under OCGA § 17-10-7 (a). That power, however, is limited by the procedures set forth in OCGA § 17-10-1, which provided at the time of the crime:

> *Except in cases in which life imprisonment, life without parole, or the death penalty may be imposed*, upon a verdict or plea of guilty in any case involving a misdemeanor or felony, and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law as the punishment for the crime. The judge imposing the sentence is granted power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper[.]

OCGA § 17-10-1 (a) (1) (2015) (emphasis supplied).[3]

Construing OCGA § 17-10-1, we have consistently held that a trial court's ability to probate or suspend a sentence does not extend to life sentences. See *State v. Scott*, 265 Ga. App. 387, 388 (593 SE2d 923) (2004) (citation omitted). Where the maximum penalty under OCGA § 17-10-7 (a) is life in prison, therefore, "the trial court lacks discretion to probate or suspend any part of the sentence." Id. (citations and punctuation omitted). See also *Lester v. State*, 309 Ga. App. 1, 5 (2) (710 SE2d 161) (2011) (same); *State v. Jones*, 253 Ga. App. 630, 632 (560 SE2d 112) (2002) (same).

Although Grace acknowledges this authority on appeal, he notes that OCGA § 17-10-6.1 (b) (2) (2015) explicitly permitted a split sentence for aggravated child molestation involving "a mandatory minimum term of imprisonment of 25 years, followed by probation for life." By its terms, however, this split sentence option applied "unless [the person was] sentenced to life imprisonment." OCGA § 17-10-6.1 (b) (2) (2015). Accordingly, because the trial court properly sentenced Grace to life imprisonment pursuant to OCGA § 17-10-7 (a), it lacked discretion to probate any portion of the sentence. See *Lester*, supra; *Scott*, supra; *Jones*, supra.

---

[3] The current version of this provision contains the same language, but has been redesignated as OCGA § 17-10-1 (a) (1) (A).

*Judgment affirmed. Dillard, C. J., and Doyle, P. J., concur.*