# Court of Appeals
# of the State of Georgia

ATLANTA,  March 18, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0309. STEVEN DEAN MACK v. THE STATE.**

Steven Dean Mack seeks discretionary review of a trial court order denying his "Motion for Leave to File an Out-Of-Time Appeal." However, Mack has had numerous appeals in multiple courts, including three separate rulings in this Court and three separate petitions for Writ of Habeas Corpus in state and federal courts, and he is, therefore, not entitled to the relief he seeks.

Mack pled guilty to armed robbery in 2008 and was sentenced as a recidivist to life in prison with the possibility of parole. He filed a pro se motion challenging his conviction, and we affirmed in an unpublished opinion. *Mack v. State*, Case No. A11A2330 (Dec. 7, 2011). We noted in our opinion that, to the extent Mack's pro se motion could be considered a motion to withdraw his plea, it was untimely. Mack subsequently filed a pro se motion to modify his sentence, arguing that the trial court failed to apply the rule of lenity. The trial court denied the motion, and we affirmed the court's order. *Mack v. State*, 323 Ga. App. 821 (748 SE2d 299) (2013). In 2017, Mack filed a motion for leave to file an out-of-time appeal to address the validity of his guilty plea. He argued that the trial court failed to advise him of his *Boykin*[1] rights, that he received ineffective assistance of counsel, and that his sentence was illegal. The trial court denied the motion, finding that Mack's sole remedy at that point was

[1] In *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969), the United States Supreme Court held that when a defendant pleads guilty, he must be adequately advised of his rights (1) against self-incrimination, (2) to trial by jury, and (3) to confront his accusers.

through habeas corpus proceedings. This Court issued an unpublished opinion affirming the trial court's order. *Mack v. State*, Case No. A18A0875 (Aug. 3, 2018). In the opinion, we noted: (1) Because Mack already had two direct appeals, he was not entitled to another out-of-time appeal;[2] (2) Mack was barred from seeking appellate review based upon the law of the case doctrine;[3] and (3) Mack's attempt to challenge the validity of his guilty plea was untimely.[4]

In 2019, Mack again filed a "Motion for Leave to File an Out-Of-Time Appeal." The trial court denied the motion after concluding that Mack has had a full and fair opportunity to pursue his available remedies, has had his case reviewed by an appellate court, and has had state and federal habeas corpus proceedings. Mack then filed this application for discretionary appeal. In his application, Mack argues that "he ha[s] not been given an appeal of right that is given to a defendant who ha[s]

---

[2] "An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal." *Kilgore v. State*, 325 Ga. App. 874, 875 (1) (756 SE2d 9) (2014) (citation omitted). "[T]here is no right to directly appeal the denial of a motion for out-of-time appeal filed by a criminal defendant whose conviction has been affirmed on direct appeal." *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002).

[3] In Case Number A11A2330, we addressed Mack's motion, which we construed as a motion to withdraw a guilty plea. And, in *Mack v. State*, 323 Ga. App. 821, we addressed the legality of Mack's sentence. Under these circumstances, Mack is barred from seeking appellate review of these issues. *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court, and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases.") (footnotes and punctuation omitted).

[4] The time to withdraw Mack's 2008 guilty plea has long passed. See *Ward v. State*, 311 Ga. App. 53, 53 (714 SE2d 731) (2011) ("a trial court does not have jurisdiction to entertain a motion to withdraw a guilty plea filed after the term of court in which the defendant was sentenced under the plea. After the term of court has expired, a defendant's only means for withdrawing a guilty plea is through habeas corpus proceedings.") (citation and punctuation omitted).

gone to jury trial." He claims that he filed the motion for an out-of-time appeal "seeking a hearing to show substantive defects in his case that possibly led to an involuntary and unknowing guilty plea."

Generally, an order denying a motion for an out-of-time appeal is subject to direct appeal under OCGA § 5-6-34 (a). See *Rowland v. State*, 264 Ga. 872, 876 (452 SE2d 756) (1995). In this case, however, Mack's motion for an out-of-time appeal was improper for the same reasons we detailed in Case No. A18A0875 (decided Aug. 3, 2018). Mack has already had multiple appeals to this Court and may not have another one attempting to challenge the same issues. Accordingly, Mack's appeal from the denial of his motion for yet another out-of-time appeal on the same grounds must be dismissed. See *Brown v. State*, 296 Ga. App. 224 (674 SE2d 91) (2009) (dismissing appeal from denial of motion for out-of-time appeal because defendant "has already had a direct appeal, and raises no arguments now that he could not have raised then").

Based on the foregoing, Mack's application for discretionary appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __03/18/2020_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____, Clerk.