**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 3, 2023**

# In the Court of Appeals of Georgia

A22A1155. BRAILSFORD v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Brandoyn Brailsford was convicted of and sentenced for[1] trafficking a person for sexual servitude and criminal attempt to commit aggravated child molestation. Brailsford appeals, claiming that there was insufficient evidence supporting the convictions and that the trial court erred in recharging the jury on criminal attempt. But there was sufficient evidence from which a rational trier of fact

---

[1] The trial court merged a separate count of attempted child molestation into the attempted aggravated child molestation count. "Because the trial court did not enter a judgment of conviction and sentence on that [separate] count, any issues concerning it are moot and will not be considered." *Gioia v. State*, 307 Ga. App. 319, 321 (2) (704 SE2d 481) (2010) (citations and punctuation omitted). Accord *Funderburk v. State*, 276 Ga. 554, 555 (1) (580 SE2d 234) (2003); *Davidson v. State*, 237 Ga. App. 580, 582 (3) (516 SE2d 90) (1999).

was authorized to find guilt beyond a reasonable doubt, and the trial court did not err in its recharge. So we affirm.

1. *Sufficiency of the evidence.*

"On appeal from his criminal conviction [s], [Brailsford] is no longer presumed innocent and all of the evidence is viewed in the light most favorable to the jury's verdict." *Alvarado v. State*, 360 Ga. App. 113 (860 SE2d 886) (2021) (citation and punctuation omitted). "[I]n evaluating the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found [Brailsford] guilty of the charged offenses beyond a reasonable doubt." *Miranda v. State*, 354 Ga. App. 777, 778 (841 SE2d 440) (2020) (citation and punctuation omitted).

So viewed, the evidence presented at trial showed that a police officer placed an advertisement on a known prostitution website as part of an investigation to find sexual predators. The advertisement included pictures of a female identified as being 19 years old and listed sexual services that she would provide. Brailsford called the telephone number shown on the advertisement, engaged in a series of conversations and text messages with the officer posing as the female on the advertisement, agreed to pay her $80 for 30 minutes of vaginal intercourse and oral sex, and arranged to

2

meet her at a nearby park. During the text messages, the officer told Brailsford that she was younger than the age indicated on the advertisement and that she was actually only 14 years old, to which Brailsford responded, "Ok cool." He then continued with the texts and calls arranging their sexual rendezvous and drove to the park, where he was apprehended by police.

(a) *Trafficking an individual for sexual servitude.*

"A person commits the offense of trafficking an individual for sexual servitude when that person knowingly . . . solicits . . . an individual for the purpose of sexual servitude[.]" OCGA § 16-5-46 (c) (2). "'Sexual servitude' means any sexually explicit conduct . . . for which anything of value is . . . promised to . . . any individual, which conduct is induced or obtained . . . [f]rom an individual whom the accused believes to be under the age of 18 years[.]" OCGA § 16-5-46 (a) (8) (C). See also OCGA §§ 16-5-46 (a) (7) and 16-12-100 (a) (4) (A) (sexually explicit conduct includes "genital-genital" and "oral-genital" contact).

Given the evidence recounted above, the jury was authorized to find beyond a reasonable doubt that Brailsford committed the indicted offense of trafficking an individual for sexual servitude because he used a prostitution website to knowingly solicit a girl whom he believed to be under the age of 18 years for the purposes of

3

sexual intercourse and oral sex in exchange for money. And "[t]he sole fact that an undercover operative or law enforcement officer was involved in the detection and investigation of [that] offense . . . shall not constitute a defense to prosecution[.]" OCGA § 16-5-46 (k). See generally *Grace v. State*, 347 Ga. App. 396, 399 (1) (819 SE2d 674) (2018) (evidence supported guilty verdict of trafficking for sexual servitude under OCGA § 16-5-46 (c)).

(b) *Attempted aggravated child molestation.*

"A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which . . . involves an act of sodomy." OCGA § 16-6-4 (c). See also OCGA §§ 16-6-4 (a) (1) (child molestation involves an immoral or indecent act with a child under the age of 16 years), 16-6-2 (a) (1) (sodomy includes a sexual act involving the sex organ of one person and the mouth of another). And "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1.

In the instant case, the evidence of Brailsford's

> extensive communications expressing his . . . desire[ to engage in oral sex] after learning the [girl's] age and his decision to travel to an established meeting location for the purpose of engaging in the planned

4

encounter provided sufficient evidence of a substantial step to sustain his conviction[] for . . . attempted aggravated child molestation.

*Muse v. State*, 323 Ga. App. 779, 781 (1) (748 SE2d 136) (2013) (punctuation omitted). See also *Castaneira v. State*, 321 Ga. App. 418, 424 (2) (740 SE2d 400) (2013) (sufficient evidence of attempted child molestation where defendant engaged in sexually explicit internet communications with officer posing as a 15-year-old girl, arranged to meet her for a sexual encounter, and traveled to an arranged meeting place).

(c) *Affirmative defenses*.

Brailsford raised the affirmative defenses of entrapment and abandonment during his trial testimony. "[W]hen a defendant raises and testifies in support of an affirmative defense, the [s]tate has the burden of disproving that defense beyond a reasonable doubt." *Muse*, supra at 782 (1) (citations and punctuation omitted). Here, the state met that burden.

The defense of entrapment "is established by showing that (1) the idea for the crime originated with the [s]tate agent; (2) the defendant was induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant was not predisposed to commit the crime." *Millsaps v. State*, 310 Ga. App. 769, 772-773 (3) (714 SE2d

5

661) (2011). "The determination of whether the defendant was entrapped is for the jury unless the uncontroverted evidence demands a finding of entrapment." Id. at 773 (3) (citation and punctuation omitted). In this case, the evidence did not demand such a finding. Rather, "the jury's conclusion that entrapment did not occur is supported by the record evidence . . . that [Brailsford] continued communicating with [the purported child to arrange a sexual encounter] . . . after he learned that she was 14 years old . . . [and he drove] to meet [the] purportedly 14-year-old girl in order to have sex with her[.]" Id.

> With regard to the defense of abandonment, when a person's conduct would otherwise constitute an attempt to commit a crime under OCGA § 16-4-1, it is an affirmative defense that he abandoned his effort to commit the crime under circumstances manifesting a voluntary and complete renunciation of his criminal purpose. However, a renunciation is not voluntary and complete if it results from a belief that circumstances exist which increase the probability of detection or apprehension of the person or which render more difficult the accomplishment of the criminal purpose.

*Muse*, supra at 782 (1) (citations and punctuation omitted).

In the instant case, Brailsford argues that he abandoned his criminal purpose to engage in a sexual encounter with a child when he attempted to leave the arranged meeting place without getting out of his vehicle. But at trial, he testified that he decided to leave because he was unfamiliar with the area, the situation "didn't feel

6

right," and he had a flashback to a previous incident when he had been robbed and shot. Thus, Brailsford's own testimony authorized the jury to conclude that he did not voluntarily and completely renounce his criminal purpose, and that he instead merely believed that the circumstances increased the probability of apprehension or rendered the accomplishment of his criminal purpose more difficult. "Accordingly, we find that the [jury's] determination that the [s]tate met [its] burden to disprove the affirmative defense of abandonment was supported by the evidence." *Reid v. State*, 349 Ga. App. 196, 200 (1) (825 SE2d 555) (2019).

2. *Recharge on criminal attempt.*

The indictment charged Brailsford with criminal attempt to commit aggravated child molestation in that he engaged in text messages with the officer portraying a 14-year-old girl and he traveled to the county of the crime with the intention of engaging in oral sex with the purported child, "said acts constituting a substantial step toward the commission of said crime[.]" In response to a question from the jury, the trial court recharged the jury that the state had to prove that Brailsford committed one of the substantial steps alleged in the indictment — that he either engaged in text messaging or traveled to the county; but the state did not have to prove that he committed both of those alleged acts.

7

Brailsford argues that the court's recharge was erroneous because the state was required to prove both acts alleged in the indictment as substantial steps toward commission of aggravated child molestation. On the contrary,

> [t]he recharge [explaining that the indictment set forth alternative ways of committing the crime] was a correct statement of the law. . . . Because the [criminal attempt] statute requires proof of only one act which is a substantial step toward the commission of the crime, inclusion in the indictment of more than one such act is mere surplusage, which is unnecessary to constitute the offense, need not be proved, and may be disregarded.

*Ranson v. State*, 198 Ga. App. 659, 661 (3) (a) (402 SE2d 740) (1991) (citations and punctuation omitted). See also *Skelhorn v. State*, 332 Ga. App. 782, 788-789 (3) (b) (773 SE2d 45) (2015) (indictment alleged that defendant attempted to solicit an officer posing as a 13-year-old girl for a sexual encounter by asking to meet her and by using an internet chat room). As we have previously explained, "[i]f a crime may be committed in more than one way, it is sufficient for the [s]tate to show that it was committed in any one of the separate ways listed in the indictment, even if, as here, the indictment uses the conjunctive rather than disjunctive form." *Cain v. State*, 310 Ga. App. 442, 445 (2) (714 SE2d 65) (2011) (citation and punctuation omitted).

*Judgment affirmed. Gobeil and Land, JJ., concur.*